346 So.2d 548 (1976)
Edward C. SHANLEY, Appellant,
v.
Phillip Morton ALLEN, Appellee.
No. BB-299.
District Court of Appeal of Florida, First District.
September 7, 1976.
William Fisher, Jr., Fisher, Bell & White, Pensacola, for appellant.
James A. Johnston, Pensacola, for appellee.
SMITH, Judge.
The defendant below presents this interlocutory appeal from an order setting aside, at plaintiff's request, a judgment dismissing plaintiff's action for lack of prosecution.
In October 1974, barely within the period of the statute of limitations, plaintiff sued defendant for injuries received in a December 1970 automobile accident. After issue was joined, plaintiff's attorney was suspended from the practice of law for 6 months. No action was taken in the case during that period or for more than 6 months afterward. Abundant notice was then given plaintiff's counsel that the action would be dismissed for failure to prosecute unless "[g]ood cause shall be shown ... at least five days before the hearing" set for January 29, 1976. One day before the scheduled hearing, plaintiff's counsel filed a motion to set aside the dismissal, reciting that he had the impression, upon his suspension, that his former law partner would continue the representation and he was uncertain following his reinstatement whether he still had responsibility for the case. The trial court set aside the judgment of dismissal. This appeal followed.
*549 We do not consider that a trial court is disabled by Rule 1.420(e), F.C.P., to consider "good cause" shown by the defaulting party less than five days before the scheduled hearing. Nevertheless, we conceive that the trial court erred in setting aside the judgment of dismissal in this case. No justifiable reason was shown for the persistent failure of plaintiff's counsel to prosecute the case or place it in the hands of another for prosecution. The misimpressions and erroneous assumptions of plaintiff's counsel do not constitute "good cause ... why the action should remain pending." Rule 1.420(e), R.C.P. See Bakewell v. Shepard, 310 So.2d 765 (Fla.App. 2d, 1975) (misunderstanding with counsel to be associated); Fla. Power & Light Co. v. Gilman, 280 So.2d 15 (Fla.App. 3d, 1973) (change of attorneys); Conklin v. Boyd, 189 So.2d 401 (Fla.App. 1st, 1966) (secretarial inadvertence); Miller v. Hartley's, Inc., 97 So.2d 211 (Fla.App. 3d, 1957) (attorney too busy with other work); Railway Exp. Agency v. Hoagland, 62 So.2d 756 (Fla. 1952) (inadvertence). Nor is the evident hardship to appellee good cause for reinstatement. Laug v. Murphy, 205 So.2d 695 (Fla.App. 4th, 1968). The order setting aside the judgment is VACATED and the case is remanded for dismissal.
RAWLS, Acting C.J., and MILLS, J., concur.