PER CURIAM.
The plaintiff estate appeals an order dismissing its complaint for failure to prosecute entered pursuant to Fla.R.Civ.P. 1.420(e). We reverse upon a holding that a prior order of the court misled the plaintiff to believe that further proceedings in the instant cause were not necessary until the determination of a prior cause. Cf. Kuhlman v. Travelers Indemnity Company, 344 So.2d 941 (Fla.3d DCA 1977).
The court first noticed this cause for dismissal pursuant to Rule 1.420(e) in October of 1977. After hearing on December 7, 1977, the trial judge denied the motion to dismiss upon the basis that the action being one for contribution need not be progressed until the final determination of the cause out of which the claim for contribution arose. During the succeeding 12 months, the cause was transferred to a successor judge. Also during this period, a final judgment was entered in the basic case. Thereafter, on December 12, 1978, the successor judge noticed the cause for dismissal under the same rule and dismissed the cause on January 29, 1979.
Inasmuch ‘ as one year had not elapsed since the final judgment in the basic suit and the plaintiff had a right to rely upon the first ruling until the final judgment in that suit was entered, it cannot be said that good cause was not shown for failure to progress during one year. Because of this holding, we do not determine the correctness of the first order denying dismissal nor do we determine the effect, if any, of the pending appeal in the basic suit.
Reversed and remanded with directions to proceed with the cause.