432 So.2d 787 (1983)
Dorothy FUNKE, Individually and Dorothy Funke, As Personal Representative of the Estate of Louis Funke, Deceased, Appellant,
v.
Hector LOPEZ, Eugenio Silva and Lumbermen's Mutual Casualty Company, a Foreign Corporation, Appellees.
No. 82-1827.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Samuel Sheradsky, Miami, for appellant.
Daniels & Hicks and Patrice Talisman, Theodore A. Schvimmer, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
Appellant was injured in an automobile collision in 1976. Three years later, she filed suit against appellees to recover for her personal injuries and her husband's loss of consortium. On March 23, 1979, appellant filed a motion to compel better answers to interrogatories. Thereafter nothing was filed of record for over one year, until May 28, 1982 when appellees filed a motion to dismiss for failure of appellant to prosecute her cause of action. The motion to dismiss was granted pursuant to Florida Rule of Civil Procedure 1.420(e), which provides in pertinent part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending... .
*788 Appellant seeks reversal of the order of dismissal on the ground that there was action "otherwise" in that she had an arbitration proceeding in progress on an uninsured motorist claim against her own insurance company, and it was her intention to consolidate the arbitration proceeding with the action against appellee immediately following the arbitration award which was set at $50,000.00 on May 5, 1982.
It is appellant's contention that the prosecution of the arbitration claim was such activity as to foster a disposition of the claim, which established "good cause" under Rule 1.420(e) because the arbitration claim was an essential step toward the ultimate disposition of the action. We can not agree.
Since the 1977 amendment to the Rule, non-record activity in pursuing another claim against someone else is not sufficient good cause, absent a showing of a compelling reason, to avoid dismissal. See Tosar v. Sladek, 393 So.2d 61 (Fla. 3d DCA 1981); American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); Perez v. Cohen, 362 So.2d 985 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978); cert. denied, 368 So.2d 1372 (Fla. 1979).
We hold that the trial court was correct in dismissing the action pursuant to Florida Rule of Civil Procedure 1.420(e). Accordingly, the order appealed is affirmed.
Affirmed.