532 So.2d 79 (1988)
James MALER, Jr., a Minor Child by and through His Mother and Natural Guardian Joni Maler, Individually, and James Maler, Sr., Individually, Appellants,
v.
BAPTIST HOSPITAL OF MIAMI, INC. and David Gair, M.D., Appellees.
No. 87-1771.
District Court of Appeal of Florida, Third District.
October 18, 1988.
Adams, Hunter, Angones, Adams, Adams & McClure and Christopher Lynch, Miami, for appellants.
Parenti & Falk and Hayes G. Wood, Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
We reverse the order under review and remand for further proceedings upon a holding that: (1) the trial court erred in refusing to consider an affidavit of good cause filed by the plaintiffs/appellants one day prior to the hearing on the defendants/appellees' motions to dismiss for lack of prosecution under Fla.R.Civ.P. 1.420(e) because no prejudice to the defendants/appellees was shown due to the aforesaid late-filed affidavit (the affidavit was filed four days late under Fla.R.Civ.P. 1.420(e)), see Shanley v. Allen, 346 So.2d 548, 549 (Fla. 1st DCA 1976), and (2) the subject affidavit states good cause for the lack of record activity for over one year in the instant case because it appears, without dispute, there was extensive record activity in an identical lawsuit between the same parties, the instant lawsuit being a "protective" lawsuit in the event the other lawsuit was dismissed. See American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863, 865 (Fla. 2d DCA 1980); Estate of Mills v. Florida Ins. Guar. Ass'n, 378 So.2d 301, 302 (Fla. 3d DCA 1979); cf. Funke v. Lopez, 432 So.2d 787, 788 (Fla. 3d DCA 1983) (non-record activity in a separate lawsuit against different (not same, as here) party not "sufficient good cause"); Perez v. Cohen, 362 So.2d 985 (Fla. 3d DCA 1978) (participation in appeal of a related, though not identical, cause insufficient to prevent dismissal under Rule 1.420(e)); Brinholz v. Steisel, 338 So.2d 862 (Fla. 3d DCA 1976) (where plaintiff filed identical lawsuit to one pending on appeal, abatement, not dismissal, of the second action was appropriate).
REVERSED AND REMANDED.