FARMER, Judge.
In this Fastrack appeal, the parties have stipulated to the following facts, which we have condensed from appellant’s brief. At a case management conference on October 20th called by the assigned judge, counsel for both parties advised the court that, although a motion to dismiss had been filed but not yet heard, the parties were close to a settlement.
The trial court orally instructed them that if the ease were not settled within 10 days the court would dismiss the ease, unless one of them had set the motion to dismiss for a hearing. Even though the parties submitted an agreed order, the text of which provided exactly as the court had orally directed, the court rejected the proposed order and returned it with a notation, saying “Return — Order already entered— 10/20/92”. Apparently, without the knowledge of either party, the trial court had entered her own form order on October 20, 1992, reciting in handwriting (erroneously) that the case had been settled and that a final order would be entered within 10 days. Conspicuously absent from the trial court’s form order is any dismissal of the case.
On October 28th, appellant notified the court that no settlement had been reached and that a hearing date on the motion to dismiss had been obtained and noticed for November 16th. The notice was indeed served that day. On the morning of November 16th, counsel for the parties appeared in the judge’s chambers expecting to be heard. The judicial secretary, however, told counsel that the motion would not be heard on that day because the motion to dismiss “did not make the [hearing] calendar” for November 16th. We note' that the notice had been served, and the court so' informed, 19 days before the scheduled day. We also note that both counsel had driven up from Miami for the hearing.
And so the parties obtained a new hearing date for December 1st, and the new notice was promptly served on November 17th. On November 30th, the trial judge called counsel and, because of a new conflict, rescheduled the December 1st hearing *410 to December 3rd. On December 1st, however, the parties received an order from the judge dated November 12th, but not rendered until November 30th, and not mailed until November 30th, dismissing the case with prejudice.
On December 3rd, both counsel appeared at the time and place of the already scheduled hearing and orally moved the court to vacate the order of dismissal. Both counsel agreed, and so informed the trial judge, that the dismissal rendered November 30th had been erroneously entered and should be vacated, and that the motion to dismiss should be heard. The judge refused to consider either motion, however, and wrongfully accused both counsel of failing to appear at the case management conference on October 20th. She further stated, also in error, that counsel had told her that the case had already been settled.
The final event occurred soon after. On December 14th plaintiff filed a motion to vacate the dismissal under rule 1.540, Florida Rules of Civil Procedure, reciting the above events and arguing that it was all a mistake which could be corrected under the rule. The judge’s response to the motion was to mail it back to counsel with a handwritten notation as follows: “CMC order 10/20/92 — Motion untimely filed.”
We interpret that notation to mean that, according to the judge, a case management conference [CMC-?] had been held and an order entered on October 20th; thus, the December 14th motion under rule 1.540 was thought by the trial judge to have been untimely as to the October 20th CMC order. We note, however, that the motion to vacate was directed to the order dated November 12th, but which was not rendered until November 30th or mailed to the parties until the date of rendition. Finally, we again emphasize, it is indisputable that the CMC order entered October 20th contains nothing within its four corners that dismisses the cause, with or without prejudice. A notice of appeal was filed on December 21st.
In this appeal, appellant’s brief argues that it was error to dismiss the case in the first place because the parties had followed the court’s instructions to the letter, while the court was simply mistaken as to what had transpired, and in any event there was no basis to have dismissed the case (which had been filed only a few months before the order).[1] Appellant goes on to argue that the court abused its discretion in failing to grant relief under rule 1.540(b) where it was clear and undisputed that the court had made a mistake in the dismissal. We note that appellee has filed a one-page brief saying that he “is in concurrence with the brief filed by the Appellant.” We reverse.
We are not unaware of the caseload, and empathize with the judges of the civil division, in the circuit court in Broward County, one of the busiest trial courts in the country. With more than 1,000 cases assigned to any judge at any single time, it is understandable that a judge in Broward County may have some difficulty remembering what has transpired at earlier hearings in individual cases. We strongly disapprove, however, of the procedures and case management techniques employed by the trial judge in this case.
When the lawyers for the adversary parties agree that a,mistake has happened and immediately and unambiguously notify the court that she is in error as to both her notation and recollection, then that judge has surely been alerted to the possibility of the frailty of the judicial memory and records. Similarly, with both lawyers agreeing on December 3rd that a mistake had been made and both requesting that the court correct it and hear the motion to dismiss, the judge should have used the availability of counsel and the hearing time to consider the lawyers’ representations and take corrective action.[2]
*411 Hence, this judge should have been more receptive at the December 3rd hearing to the possibility of a faulty recollection and been more willing to take the steps required to correct it then and there. Adamantly refusing to consider the possibility of mistake and refusing to rule on either motion was not in compliance with rule 1.010’s admonition that procedures be carried out to secure “the just, speedy, and inexpensive determination of every action.”
Equally as important, we strongly disapprove of the trial judge disposing of the December 14th rule 1.540 motion, without any hearing, by simply making a handwritten notation on it and returning it to the lawyer who had filed it. The record here unquestionably establishes that the trial judge never permitted plaintiff to have a hearing on the December 14th motion.
As an aside, we earlier noted that both lawyers had traveled from Miami to Fort Lauderdale for the hearing. We disapprove of such cavalier treatment of officers of the court, as to wave them off under the circumstances with the airy assertion that the motion “did not make the calendar,” as was done on November 16th. If it did not, under the circumstances it was far more likely the fault of the court, and not the parties. They should not have been forced to pay for the additional, unnecessary lawyer’s time to travel back and forth from Dade County on multiple occasions to argue motions under these circumstances.
The trial judges in Broward County bear a heavy load. They are understandably concerned with the effective dispatch of judicial business. It is important that their time and the time of court personnel not be wasted — that the administration of justice not be delayed. These concerns, however, should not become an excuse to rush eases out the door without giving the parties a chance to be heard on the merits. They should not result in the dismissal of cases with prejudice without any hearing. They should not, in short, become such an obsession with statistics that final dispositions are churned out like an assembly line.
This case illustrates how the quite legitimate concern with moving cases along to judgment can be tortured into an unreasonably mechanical processing of numbers. Because of the refusal of this trial judge on two separate occasions to listen to lawyers stipulating that a mistake has been made and that a case has wrongfully and unfairly been irrevocably thrown out without a hearing on the merits, the parties have now been forced to endure the delay as well as the costs and expenses of this appeal. The time and expense of all could have been avoided by a less crabbed use of judicial resources.
REVERSED.
HERSEY and GUNTHER, JJ., concur.

. We do not know the precise date of commencement of the action below, but from the papers furnished us it is obvious that it was filed sometime in 1992. As the operative events all took place within the calendar year 1992, there is manifestly no basis to have dismissed the case under rule 1.420(e), Florida Rules of Civil Procedure, for lack of prosecution.

. We again stress that there is absolutely nothing in this record indicating that the lawyers *411 were colluding to create a de facto continuance of a scheduled trial date. Quite to the contrary, the case had recently been filed and never been at issue, and no trial date had ever been set. Indeed this dismissal might have been affirmed if it were not for the candor and integrity of defendant’s counsel — who, after all, had benefited by a dismissal of the case against his client with prejudice.