652 So.2d 482 (1995)
John W. PALOKONIS and Marjorie A. Palokonis, Appellant,
v.
EGR ENTERPRISES, INC., Appellee.
No. 93-2407.
District Court of Appeal of Florida, Fifth District.
March 24, 1995.
*483 John W. Palokonis and Marjorie A. Palokonis, Spring Hill, pro se.
C. John Coniglio, P.A., Wildwood, for appellee.
HARRIS, Chief Judge.
While we concede that appellants' pro se brief is not a model of clarity, it nevertheless raises one issue that has merit: whether the trial court erred in failing to dismiss the cause for failure to prosecute. Unfortunately, appellee's Anders-type answer brief was of little assistance:
It is impossible for Appellee's [sic] to respond to the arguments as proposed by the Appellant in any manner which would make any sense whatsoever to the court. Therefore, Appellee requests the court to review the Appellant's Amended Initial Brief with the view that if there are any errors, whatsoever, which warrants [sic] reversal, to do so. However, Appellee, represents and believes that the record is free from any error and the case was decided on the facts for the Appellee and against the Appellants (Answer Brief, pp. ii-iii).
After the cause was transferred from the county court to the circuit court, appellee (plaintiff below) took no further action for over a year, and the trial judge entered a "show cause" order as to why the action should not be dismissed. Appellee responded that its excuse for not prosecuting its case against these defendants was that it had filed similar cases against other residents in the mobile home park and one of the other cases was on appeal to this court. In order to conserve "judicial resources," appellee decided unilaterally to delay prosecution of the remaining cases until the appeal was decided. Even then, however, it appears that the appeal in the other case was dismissed several weeks before the court in this case issued its show cause order.
At the hearing on the show cause order, appellants cited cases supporting their position that appellee had not shown good cause to justify further prosecution of this case. The court delayed ruling on the show cause order until appellee could respond by memorandum. It did so. After reviewing the memorandum (as we also have done because of the inadequacy of the answer brief), the court reinstated the cause. We reverse.
Whether a party has shown good cause to keep an action pending, despite lack of record activity for more than one year, is a question committed to the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of discretion. Edgecumbe v. American General Corp., 613 So.2d 123 (Fla. 1st DCA 1993). But a showing of good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to the pleading deadline. Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992).
In Perez v. Cohen, 362 So.2d 985 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978), the court stated that participation in an appeal of a related case does not constitute good cause and cannot be used to avoid a dismissal for failure to prosecute. In Funke v. Lopez, 432 So.2d 787 (Fla. 3d DCA 1983), participation in an arbitration proceeding in a case not directly related was not good cause. Finally, in Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA), rev. denied, 564 So.2d 1087 (Fla. 1990), the court stated that, in order to show good cause, "a party must show that he is justifiably prevented from proceeding with the lawsuit because of another pending action... ." Id. at 789. The plaintiffs in DeLoach argued that they could not proceed with a legal malpractice action against the attorney who drafted their father's will until the probate proceeding was concluded because only then would they be able to determine the amount of damages to seek. In holding that this reason was not "good cause," the court noted that even if the delay for the resolution of the probate proceeding did constitute "good cause," this did not explain why the plaintiffs did not file any paper *484 within the month after that proceeding was concluded. Id. at 788-89.
The instant case is very much like DeLoach in that, even if the pending appeal in another case involving defendants with similar issues was justification for delay, there was no justification shown for not immediately proceeding after the appeal was resolved. Based on the case law cited and the facts of this case, the trial court abused its discretion in finding that appellee showed good cause for its lack of record activity during a one-year period and the final judgment is reversed with instructions that the cause of action be dismissed.
REVERSED.
W. SHARP and GRIFFIN, JJ., concur.