665 So.2d 288 (1995)
Rogelio INSUA, individually, and Rogelio Insua and Emma Insua, individually and as parents of Rogelio Insua, formerly a minor, Appellants,
v.
Aida G. CHANTRES, Appellee.
No. 94-2501.
District Court of Appeal of Florida, Third District.
December 6, 1995.
Order Modifying Opinion January 17, 1996.
Henry I. Smyler; Kuvin Lewis Restani & Stettin and R. Fred Lewis, Miami, for appellants.
Tacher & Fee and Robert F. Tacher, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The minor appellant Insua was injured while a passenger in a school bus operated by the appellee Chantres, who was insured by Travelers Indemnity Company. In this action by the Insuas against Chantres, the parties, including and at the instance of the insurance company, agreed to postpone the action pending the determination of Travelers' own independent declaratory actions to determine the extent of coverage which culminated in the supreme court decisions of *289 Travelers Indemnity Co. v. Suazo, 614 So.2d 1071 (Fla. 1992) and Travelers Indemnity Co. v. Gonzalez, 614 So.2d 1074 (Fla. 1992). While the latter cases were proceeding, however, a year went by without record activity in this one and the trial judge therefore dismissed the action on her own motion under Florida Rule of Civil Procedure 1.420(e). Although the plaintiff  joined by Travelers  moved to vacate the dismissal on the ground of the agreement of the parties and the pendency of the other actions, the trial judge, without hearing, denied the motion. This was plain error.
It is well settled that the pendency of another related action provides justification for apparent non-activity, precluding dismissal for failure to prosecute under Rule 1.420(e). See Maler v. Baptist Hosp. of Miami, Inc., 532 So.2d 79 (Fla. 3d DCA 1988); Estate of Mills v. Florida Ins. Guar. Ass'n, 378 So.2d 301 (Fla. 3d DCA 1979); Smith v. Saint George Island Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976). Under the circumstances, the trial court's refusal to reinstate the case in accordance with the agreement of the parties is simply inexplicable. See Gold v. Wohl, 617 So.2d 409 (Fla. 4th DCA 1993). It is even more disturbing that Travelers, which induced the delay in the first place and agreed to reinstatement below, did not confess error on this appeal and instead filed a brief seeking affirmance. The "gotcha" tactics it has employed, see Miami Nat'l Bank v. Greenfield, 488 So.2d 559 (Fla. 3d DCA 1986), review denied, 497 So.2d 1217 (Fla. 1986); American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979), are so blatant as to render this appeal appropriate for the assessment of fees under section 57.105(1), Florida Statutes (1993).
Reversed.

ON MOTION FOR REHEARING OR MODIFICATION
On the basis of counsel's frank and forthcoming post-opinion motion, we modify the last sentence of the opinion of December 6, 1995, to reflect that Travelers Indemnity Company had no part in the appellee's contention in the answer brief that the order should be affirmed and that the actions of counsel, who was responsible for that argument, while ill advised, were based on a conscientious determination that the position was required properly to represent Ms. Chantres. (The answer brief was required to be filed during the period between counsel's motion to withdraw from that representation and the granting of that motion by this court.) The facts demonstrate, therefore, contrary to our initial conclusion, that neither Travelers nor counsel is properly subject to the sanctions of section 57.105, Florida Statutes (1993).