PER CURIAM.
This is an appeal from an order dismissing for failure to prosecute one of two consolidated cases brought by the plaintiff for injuries allegedly resulting from medical malpractice by the defendants.[1] Finding that the trial court abused its discretion in failing to find good cause for a lack of record activity, in that an appeal was pending in one of two consolidated cases, we reverse.
Plaintiff filed his initial complaint against Bay Medical Center (“Bay Medical”), Gulf Pines Hospital, and Dr. Webb in March, 1994. In November, 1994, Bay *298 Medical filed a motion to stay the ease (circuit court case no. 94-699), asserting it had been put on notice that additional defendants would be added. Plaintiff responded that it did intend to file a second suit and move for consolidation or amendment; because of statutory presuit requirements, it had not yet been able to ascertain the identity of all defendants. In early 1995, plaintiff filed a second complaint against Bay Medical, Drs. Epstein, Walker and Morrisey, Bay Emergency Specialists and John Doe (circuit court case no. 95-120). In March 1995, Bay Medical moved to consolidate the cases, alleging that “the issues raised in the instant action and those raised in the other case brought by Plaintiff against this Defendant arise from the same action or transaction,” and that the interests of judicial economy and justice would be served by consolidation for both discovery and trial “since the issues presented will involve substantial duplication.” Plaintiff also moved to consolidate. The trial court consolidated the two cases for discovery and trial. The consolidation order reflects that no opposition was expressed to the motions to consolidate, and that the court had “been informed that there was agreement and stipulation between the parties to consolidate the cases.”
In August, 1995, the trial court granted a motion for summary judgment in the later filed case (95-120) based on the statute of limitations. After entry of the amended final summary judgment, plaintiff appealed, and in April 1997, this court reversed that final summary judgment. In the meantime, in March, 1997, Gulf Pines, Bay Medical and Dr. Webb filed motions to dismiss for failure to prosecute in the initially filed suit (94-699). Between the time the notice of appeal was filed in February, 1996, and the time the motions to dismiss for failure to prosecute were filed in March, 1997, there had been no record activity in case no. 94-699, save the filing of a hearing transcript. Hearing was held on the motion to dismiss in June 1997, and the trial court granted the motion.
Although both parties have cited a number of cases as authority, none of those cases is directly on point. Appellees rely particularly on Palokonis v. EGR Enterprises, Inc., 652 So.2d 482 (Fla. 5th DCA 1995), Funke v. Lopez, 432 So.2d 787 (Fla. 3d DCA 1983), and Perez v. Cohen, 362 So.2d 985 (Fla. 3d DCA), cert. denied 365 So.2d 710 (Fla.1978), cert. denied 368 So.2d 1372 (Fla.1979), all of which are distinguishable, as they did not involve cases based on interrelated facts which had been consolidated for discovery and trial on the motion of a co-defendant in both cases, as well as on the plaintiffs motion.
Appellees contend that consolidation of cases does not cause them to lose their distinct identities, citing St. Mary’s Hospital, Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996). The context in which the court made that observation in St. Mary’s is quite different from the present case. The same can be said for appellees’ reliance on Wagner v. Nova University, Inc., 397 So.2d 375 (Fla. 4th DCA 1981), and Kight v. American Eagle Fire Insurance Co., 125 Fla. 608, 170 So. 664 (1936). Thus, those eases do not require affir-mance here.
Dismissal for failure to prosecute in the present case would not serve the purpose for which Florida Rule of Civil Procedure 1.420(e) exists. The rule is “designed to relieve the judiciary of concern for inactive litigation.” See H.G. Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976).
It is significant to the outcome of this case that Bay Medical, a defendant in both suits, initially sought to stay the first ease and also moved for consolidation once the second suit was filed, alleging the need to avoid substantial duplication of efforts. To the extent that Gulf Pines and Dr. Webb might have taken a different view of the cases from their codefendant, Bay Medical, they had an obligation to object to consoli *299 dation or come forward in some manner to indicate their position. Given the factual scenario and procedural history of this case, we perceive little practical difference between consolidation for discovery and trial and consolidation for all purposes.
REVERSED and REMANDED for further consistent proceedings.
JOANOS, WOLF and LAWRENCE, JJ., concur.

. The pertinent facts appear in this court’s opinion in Stephens v. Bay Medical Center, 691 So.2d 1136, 1137 (Fla. 1st DCA 1997).