PER CURIAM.
Aurora Alvarez appeals the dismissal of her claim for uninsured motorist benefits for failure to prosecute. For the following reasons, we reverse and remand for further proceedings.
The trial court abused its discretion in dismissing the .insured's claim for lack of prosecution. ‘ The insured presented sufficient proof of good cause — previous counsel’s ill health — to rebut the failure to file any record activity in a one-year period. The trial court allowed Jose Canal, the insured’s previous counsel, to withdraw in February 1999 based on Canal’s ailing health. Indeed, Canal’s illness was so severe that it resulted in his death on April 1, 1999. We have previously held that “physical disability of a plaintiff or plaintiffs attorney constitutes good cause, justifying a trial court’s refusal to dismiss a failure to prosecute.” Schlakman v. Helliwell, Melrose & DeWolf, 519 So.2d 14, 15 (Fla. 3d DCA 1987); see also Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980). The insured should not be denied her day in court because of the ill health of her counsel.
State Farm also argues that the insured failed to comply with Rule 1.420(e). The insured’s good cause motion was filed seven days after the dismissal order was entered and thereby was untimely under the rule. However, State Farm fails to show how they are prejudiced by this later filing. Therefore, Rule 1.420(e) does not preclude the trial court from considering the “good cause” shown by the insured. See Maler ex rel. Maler v. Baptist Hospital of Miami, Inc., 532 So.2d 79 (Fla. 3d DCA 1988); Shanley v. Allen, 346 So.2d 548 (Fla. 1st DCA 1976).
For the above reasons, we reverse the trial court’s order dismissing the insured’s case for failure to prosecute and remand this case for further proceedings.
REVERSED AND REMANDED.