PETERSON, J.
Naomi Chase appeals the dismissal of her action that sought revocation of some amendments to her deceased mother’s trust for failure to prosecute. She contends that the good cause exhibited before the trial court should have excused the absence of record activity for a period of one year and that the court erred by dismissing her action pursuant to Rule 1.420(e), Florida Rules of Civil Procedure.
In addition to filing the instant action, Naomi Chase also filed another civil action against some of the beneficiaries of that trust and the attorney who drafted it. The other action was the subject of appeal in Chase v. Bowen, 771 So.2d 1181 (Fla. 5th DCA 2000) (hereinafter referred to as Chase I). The chronology of events is as follows:
April 30,1998 — The instant action is filed less than one year after initiating the action in Chase I.
July 13,1998 — Last answer or motion filed by a defendant.
October 11,1999 — The trial court sua sponte served a Notice of Failure to Prosecute and Notice of Hearing.
October 19,1999 — Naomi Chase filed a “Showing of good cause” and the trial court cancels the hearing.
December 5, 2000 — The trial court sua sponte served the second notice of failure to prosecute. Naomi Chase again responded on January 2,2001 and two defendants contested the response.
January 8, 2001 — Healing held on the Notice of Failure to Prosecute and the responses. No transcript of hearing appears in the record.
March 2, 2001 •— The trial court dismisses action pursuant to Rule 1.420(e).
Naomi Chase’s January 2, 2001 response to the December 5, 2000 Notice of Failure to Prosecute primarily alleged that the instant action was a “companion case” to Chase I, that the two cases rely upon a near identical set of facts and the Chase I mandate on appeal was not issued until December 4, 2000. Additionally, she asserts that the same judge presides over the two actions, Chase I was litigated vigorously, the lead defendants in both cases are the same and judicial economy and efficiency dictate that Chase I be pursued to a conclusion before virtually identical factual and legal issues were considered in the instant action.
Chase is correct that the common thread between the two cases is the alleged undue influence of two defendants, William and Sharon Lavender. But that was not the issue in the Chase I appeal. Chase I involved Naomi’s action for damages against an attorney who drafted her mother’s trust amendments. No other party to either the instant action or Chase I was a party to the appeal. The pendency of that appeal is not a justification to delay proceedings against the other defendants.
Our review of the index provided in both cases indicates that all record activity at the trial level in both cases ceased after March 31, 1999, when the notice of appeal was filed in Chase I after the sole attorney-defendant involved in that appeal was granted a summary judgment.
The standard of review of the trial court’s dismissal for lack of “good cause” under Rule 1.420(e) is abuse of discretion. E.g., Palokonis v. EGR Enterprises, Inc., 652 So.2d 482 (Fla. 5th DCA 1995). It is apparent from the record in this appeal that no record activity at the trial level took place in either case after March 31, 1999, that no attempt was made to consolidate the two “companion cases” or abate the instant one, that nothing precluded *1006 Naomi Chase from prosecuting either case against all other defendants while the appeal was pending against the prevailing attorney in Chase I and that the attorney was never a party to the instant action. That record lends no support to Naomi’s allegation that the trial court abused its discretion by dismissing her action.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.