PER CURIAM.
We reverse an order of dismissal for failure to prosecute because it appears that the death of predecessor counsel contributed a substantial part in the delay of prosecution of this action which was filed in 1991. In this jurisdiction a disposition of an action on its merits is highly favorable. See Alvarez v. State Farm Mutual Auto. Ins. Co., 762 So.2d 943 (Fla. 3d DCA 2000)(plaintiffs untimely motion that showed good cause for failure to prosecute, but was filed after dismissal order, did not prejudice the defendant and did not preclude consideration of good cause); Schlakman v. Helliwell, Melrose & DeWolf, 519 So.2d 14, 15 (Fla. 3d DCA 1987)(“physical disability of a plaintiff or plaintiffs attorney constitutes good cause, justifying a trial court’s refusal to dismiss a failure to prosecute”).
Reversed and remanded.