GODERICH, Judge.
The plaintiff, Lisa, S.A., appeals from a final judgment granting the defendants’ motion to dismiss for lack of prosecution. We reverse.
On November 25, 1998, in case no. 98-27320, the plaintiff filed a complaint against several defendants, including Juan Luis Bosch Gutierrez [Bosch] and Dionisio Gutierrez Mayorga [Mayorga], alleging fraud and seeking rescission. On February 11, 1999, in case no. 99-03519, the plaintiff filed a complaint against several other defendants, and Bosch and Mayorga alleging Florida RICO violations, civil conspiracy, and constructive trust. Bosch and Mayorga were the only two defendants common to both cases. On February 16, 1999, the plaintiff served Bosch and May-orga with both complaints.
*976 Bosch and Mayorga contested service of process and jurisdiction in both cases. In case no. 99-03519, the parties actively litigated these issues, while case no. 98-27320 remained dormant. On January 16, 2001, in case no. 98-27320, Bosch and Mayorga filed a motion to dismiss for lack of prosecution. The trial court entered an order granting their motion to dismiss finding that there had been no record activity for over a year and that the plaintiff did not show good cause why the case should not be dismissed.
The plaintiff contends that the trial court abused its discretion by dismissing case no. 98-27320 for lack of prosecution. Specifically, the plaintiff argues that it had demonstrated sufficient good cause to avoid dismissal. We agree.
Florida Rule of Civil Procedure 1.420(e) provides that if an action has no record activity for more than a year, it shall be dismissed for lack of prosecution unless good cause can be shown why the action should remain pending. The purpose of this rule is “to encourage the movement of a case towards a conclusion on its merits.” Miranda v. Volvo N. Am. Corp., 763 So.2d 536, 537 (Fla. 3d DCA 2000).
In Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001), the Florida Supreme Court reiterated its two-part test to determine whether a dismissal for failure to prosecute is proper. “[F]irst, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.” Hall, 784 So.2d at 1090 (citing Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991)).
In the instant action, it is undisputed that there was no record activity in case no. 98-27320; therefore, the burden shifts to the plaintiff to establish good cause why the action should not be dismissed.
The plaintiff properly argues that “the pendency of another related action provides justification for apparent non-activity, precluding dismissal for failure to prosecute under Rule 1.420(e).” Insua v. Chantres, 665 So.2d 288, 289 (Fla. 3d DCA 1995). Further, in Mankowitz v. Fishermen’s Hospital, Inc., 753 So.2d 753, 754 (Fla. 3d DCA 2000), this Court stated that “[t]he pendency of a parallel lawsuit involving the same parties constitutes good cause to avoid dismissal.”
In the instant action, case no. 98-27320 remained dormant for more than a year, while issues of jurisdiction and service of process relevant to both cases were litigated in case no. 99-03519. The record activity in case no. 99-03519 showed an effort to move both cases towards a conclusion on the merits. This is sufficient activity to preclude dismissal of the 1998 case for lack of prosecution. See Moler v. Baptist Hosp. of Miami, Inc., 532 So.2d 79 (Fla. 3d DCA 1988)(reversing an order dismissing an action for lack of prosecution because there was extensive record activity in a second, identical lawsuit between the same parties). Therefore, we find that the trial court abused its discretion by granting the defendants’ motion to dismiss for lack of prosecution.
Accordingly, we reverse the final judgment and remand for further proceedings. Our decision supports this Court’s preference for adjudicating a case on its merits. Rubenstein v. Iolab Corp., 642 So.2d 818 (Fla. 3d DCA 1994).
Reversed and remanded.