868 So.2d 625 (2004)
Steven SEABURY, Rebecca Martin, Walter Kuck, individually and on behalf of all persons similarly situated in the State of Florida, Appellants,
v.
CHEMINOVA, INC.; Cheminova A/S; and Auriga Industries A/S, Appellees.
No. 2D03-2139.
District Court of Appeal of Florida, Second District.
March 12, 2004.
*626 Bryan K. McMinn of Maher, Guiley & Maher, P.A., Winter Park, and Spiro J. Verras, of Jones, Verras & Feiberg, L.L.C., New Orleans, for Appellants.
Joseph H. Varner of Knopik Varner Moore, Tampa, Christopher G. Kelly of Holland & Knight, LLP, New York, and Stacy D. Blank of Holland & Knight, LLP, Tampa, for Appellees.
CASANUEVA, Judge.
The plaintiffs in this case have appealed from an order dismissing their case for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). They contend that the court erred in dismissing their action because, even though no activity appeared on the face of the record for the year preceding the motion to dismiss, their prosecution of a related federal court case precluded dismissal. We reject their argument and affirm.
Steven Seabury, Rebecca Martin, and Walter Kuck filed a class action complaint against Cheminova, Inc., Cheminova A/S, and Auriga Industries A/S for damages they sustained as a result of the spraying of the defendants' product, Fyfanon, during the Medfly Eradication Program of 1997 or 1998. Their counts included strict products liability, negligence per se, negligence, negligent infliction of emotional distress, and toxic trespass. Specifically, the plaintiffs claimed that they sustained legally cognizable damages from actual or potential *627 exposure to the Fyfanon product, including past or future medical expenses, physical pain and suffering, emotional distress, temporary relocation damages, lost income, and other pecuniary damages.
The defendants filed a motion to dismiss or stay this state court action on the ground that a pending federal court action titled Rink v. Cheminova, Inc., Case No. 99-cv-1097-T-26-TBM (the "Rink action"), was an essentially identical action filed by plaintiffs' counsel against the same three defendants. The plaintiffs opposed a stay, however, contending that a stay is proper only when the related litigation is "between the same parties on the same issues" and where the courts involved "have concurrent jurisdiction over the same parties and the same subject matter." Schwartz v. DeLoach, 453 So.2d 454, 455 (Fla. 2d DCA 1984). However, as to this state court matter, the plaintiffs asserted, there was no pending litigation in any other court between these plaintiffs and these defendants. In particular, the injuries sustained by the Rink plaintiffs were individualized and of much greater severity than those sustained by these plaintiffs and included, for example, permanent and complete disability as a result of respiratory failure, development of seizure and autoimmune disorders, toxemia, and premature birth of a baby with a damaged respiratory system. These state court plaintiffs, however, could not meet the $75,000 federal court jurisdictional threshold and sustained less severe damages that could be easily categorized: transient personal injuries, forced evacuation, and damage to automobile paint. In the conclusion of their memorandum in opposition to a stay, the plaintiffs asserted: "Neither the plaintiffs in this suit nor the classes they seek to represent have claims pending before any other court."
Ironically, just as this theory could prevent a stay of the action when sought by the defendants,[1] it is also the basis for a finding that the plaintiffs could not avoid dismissal for failure to prosecute on the ground of a related court action. When a motion to dismiss for failure to prosecute is filed pursuant to rule 1.420(e), "[f]irst, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." DelDuca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). To establish good cause, the plaintiff must show that its nonrecord activities were "done in good faith and moved the case forward to a conclusion." Metro. Dade County v. Hall, 784 So.2d 1087, 1091 (Fla.2001). In this case, the plaintiffs relied upon their prosecution of the Rink action to establish good cause, but they failed to do so because the Rink case did not share identical parties and claims with this case.
A number of cases have examined whether the pendency of a related action can provide justification for apparent nonactivity in a case subject to dismissal for failure to prosecute. Recently, the Third District, in Lisa, S.A. v. Gutierrez, 824 So.2d 975, 976 (Fla. 3d DCA 2002) (quoting Mankowitz v. Fishermen's Hospital, Inc., 753 So.2d 753, 754 (Fla. 3d DCA 2000)), followed the rule that the "pendency of a parallel lawsuit involving the same parties constitutes good cause to avoid dismissal." Here, however, the parties are not identical; these parties are asserting claims different in nature and degree from those filed by the Rink plaintiffs. In contrast, *628 the Lisa, S.A. plaintiff had filed two different lawsuits against different defendants, but two of the defendants were common to both lawsuits. Furthermore, the common defendants contested service of process in both lawsuits and actively litigated the issue in the related case while the other case remained dormant. In reversing the order dismissing the case for lack of prosecution, the Third District observed that its decision supported that court's "preference for adjudicating a case on its merits." Lisa, S.A., 824 So.2d at 976 (citing Rubenstein v. Iolab Corp., 642 So.2d 818 (Fla. 3d DCA 1994)).
The Third District's philosophy is also apparent in several other decisions from that court, including Maler by and through Maler v. Baptist Hospital of Miami, Inc., 532 So.2d 79, 79 (Fla. 3d DCA 1988), in which the court held that the plaintiff had demonstrated good cause for avoiding dismissal for lack of prosecution because "there was extensive record activity in an identical lawsuit between the same parties, the instant lawsuit being a `protective' lawsuit in the event the other lawsuit was dismissed." And in Insua v. Chantres, 665 So.2d 288, 289 (Fla. 3d DCA 1996), the related lawsuit was not between identical parties, but it involved an insurance coverage dispute by the company insuring the defendant in plaintiff Insua's personal injury action. The good cause for the plaintiff's delay in prosecuting the lawsuit was directly attributable to the parties' agreementat the urging of the insurance company-to postpone their litigation while the coverage issues were decided. Accordingly, the court's decision to dismiss the case on its own motion was overturned by the Third District, which called the ruling "plain error." Id.
Several common threads arise in those cases where the courts have found that the plaintiff's failure to prosecute its lawsuit constituted good cause to avoid dismissal when related cases are pending. If the parties and claims are identical, as in Mankowitz, or if the cases had been consolidated for discovery and trial, as in Stephens v. Bay Medical Center, 742 So.2d 297 (Fla. 1st DCA 1998), or if something in the related case prevented the dormant action from proceeding, like the agreement to stay pending appeal in Insua, the courts will look more favorably on the plaintiff's good cause argument. However, this case does not arise from any of those situations. Here, the same plaintiffs' attorneysnot the same plaintiffssued the same defendants but asserted different claims in different forums.
This case bears some resemblance to Palokonis v. EGR Enterprises, Inc., 652 So.2d 482 (Fla. 5th DCA 1995), where the plaintiff had filed similar actions against other residents in the same mobile home park, and one of the "related" cases was on appeal. Therefore, in an alleged attempt to "conserve `judicial resources,' the appellee [plaintiff] decided unilaterally to delay prosecution of the remaining cases until the appeal was decided." Id. at 483. The Fifth District reversed the trial court's failure to dismiss the case for lack of prosecution, holding that the court abused its discretion in finding that the plaintiff demonstrated good cause for its lack of attention to the lawsuit during the relevant one-year period.
The trial court's good cause determination in the context of rule 1.420(e) is reviewed by this court under the abuse of discretion standard. See Metro. Dade County v. Hall, 784 So.2d at 1090 n. 4. We understand the competing interests implicated in these situations. On the one hand, as Justice Lewis stated in dissent in Moossun v. Orlando Regional Health Care, 826 So.2d 945, 954 (Fla.2002) (Lewis, J. dissenting), "The chief concern of the courts should not be resolution for the sake of finality only, but it should be to *629 render justice based upon the merits of the action in a timely, thoughtful manner." On the other hand, as Justice Wells pointed out in his concurrence to the same case, the defendants' concerns must also be considered:
The defendants' interests must be protected and should be of equal concern to our courts as are the interests of those who, by paying a filing fee, become plaintiffs and have the power to have these defendants brought into court. It is a reality that being sued is costly to the party sued in money, emotion, time, and many other tangible and intangible ways. This is true even when the suit is totally meritless.
Id. at 952 (Wells, J. concurring). In this case, where the plaintiffs allowed this lawsuit to linger for more than a year preceding the filing of the motion to dismiss for failure to prosecute, we hold that the trial court did not abuse its discretion: the plaintiffs' reliance upon their attorneys' pursuit of the same defendants for different claims in a federal court case did not constitute good cause for their failure to move this case toward resolution.
Affirmed.
ALTENBERND, C.J., and FULMER, J., Concur.
NOTES
[1] Our record does not reflect that the trial court ever ruled on the motion to dismiss or, in the alternative, to stay this action in favor of previous filed action.