RAMIREZ, J.
Sub-Acute Management Services, Inc. appeals the trial court’s final order dismissing its case against appellees Columbia Physician Services Florida Group, Inc. and HCA, Inc. for failure to prosecute. We affirm because the trial court did not abuse its discretion in finding that Sub-Acute failed to show good cause for the failure to prosecute.
In 1998, Sub-Acute filed for bankruptcy. In' February 2001, the bankruptcy court entered an order employing Sub-Acute’s counsel as special litigation counsel so that Sub-Acute could sue Columbia Physician and HCA. In January 2002, Sub-Acute, through its bankruptcy trustee, sued Columbia Physician and HCA, alleging contract and tort claims. Thereafter, in August 2002, Sub-Acute served interrogatories on Columbia Physician and HCA. Sub-Acute then stopped prosecuting its case, and almost a-year-and-a-half later in January 2004, Columbia Physician and HCA moved to dismiss Sub-Acute’s claims for lack of prosecution due to the lack of record activity in the case for over one year.
After a hearing before the trial court on the motion to dismiss, the court granted the motion, finding that good cause did not exist for Sub-Acute’s failure to prosecute. Sub-Acute then appealed.
An order granting a motion to dismiss for failure to prosecute is reviewed under an abuse of discretion standard. Sewell Masonry Co. v. DCC Constr., Inc., 862 So.2d 893, 896 (Fla. 5th DCA 2003). However, even if there is a lack of record activity for over one year, a plaintiff can avoid dismissal if the plaintiff can show good cause for the lack of activity. National Enters., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191, 1195 (Fla. 3d DCA 2001).
Here, we agree with Columbia Physician and HCA that Sub-Acute cannot demonstrate good cause that would excuse its lack of prosecution of this case. First, although it is true that there is an automatic stay of most proceedings when a company files a bankruptcy petition, that automatic stay is inapplicable to cases or proceedings brought by the debtor. See 11 U.S.C. § 362 (1998); Martin-Trigona v. Champion Fed. Sav. & Loan Ass’n, 892 F.2d 575, 577 (7th Cir.1989); Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas Cty., Inc., 522 So.2d 465, 466 (Fla. 4th DCA 1988).
*633 Accordingly, Sub-Acute’s position that there was an automatic stay of its case before the circuit court is misplaced because the circuit court case was brought by Sub-Acute; it was not an action against Sub-Acute. The automatic stay provided for in 11 U.S.C. section 362 is, thus, inapplicable, and Sub-Acute’s automatic stay contention did not constitute good cause for the lack of record activity in the case before the trial court. Just as Sub-Acute was able to file suit while it was in bankruptcy, it could just as easily have prosecuted its action against the defendants.
Sub-Acute has also raised the ingenious argument that because its corporate status was dissolved by the Florida Department of State for its failure to file annual reports, this represented good cause for its lack of prosecution. The inactive status of Sub-Acute constitutes further grounds for dismissal, not good cause for failure to prosecute. “To establish good cause, the plaintiff must show that its nonrecord activities were ‘done in good faith and moved the case forward to a conclusion.’ ” Seahury v. Cheminova, Inc., 868 So.2d 625, 627 (Fla. 2d DCA 2004)(quoting Metro. Dade Cty. v. Hall, 784 So.2d 1087, 1091 (Fla.2001)). Obviously failing to file its annual reports, with the concomitant dissolution of its corporate status, did nothing to move the case forward. On the contrary, it further delayed Sub-Acute’s right to prosecute the action.
As a result, we find that the trial court did not abuse its discretion in granting Columbia Physician and HCA’s motion to dismiss for failure to prosecute. We thus affirm the trial court’s order.
Affirmed.