911 So.2d 167 (2005)
Jeffrey LANG, M.D., and Jeffrey Lang, M.D., P.A., a Florida corporation, Appellants,
v.
Michael MASON; Waterman Broadcasting Corporation of Florida, a Florida corporation; MSNBC Interactive News, L.L.C., a Delaware corporation; and Mary Catherine Tourtillott, Appellees.
No. 2D04-3687.
District Court of Appeal of Florida, Second District.
August 12, 2005.
*168 John G. Crabtree of John G. Crabtree, P.A., Key Biscayne, and Brian M. Torres of Sheftall & Torres, P.A., Miami, for Appellant.
Steven Carta of Simpson, Henderson, Carta & Randolph, Ft. Myers; Gregg D. Thomas, James B. Lake, and Rachel E. Fugate of Holland & Knight LLP, Tampa, for Appellees Michael Mason, Waterman Broadcasting Corporation of Florida, and MSNBC Interactive News, L.L.C.
Mary Catherine Tourtillott, pro se.
CASANUEVA, Judge.
Jeffrey Lang, M.D., and his professional association (hereinafter, Dr. Lang) filed a civil action for libel, slander, and conspiracy against Waterman Broadcasting Corporation of Florida and MSNBC Interactive News L.L.C. (the media defendants), Michael Mason (the reporter), and Mary Catherine Tourtillott (Dr. Lang's patient). After Dr. Lang allowed his action to remain dormant for some time, the trial court dismissed it pursuant to Florida Rule of Civil Procedure 1.420(e) for lack of prosecution. Because Dr. Lang established good cause why the action should not be dismissed, we hold that the trial court abused its discretion in dismissing his lawsuit and reverse.
This case began on May 12, 2000, when Waterman Broadcasting aired a television segment in which Ms. Tourtillott accused Dr. Lang of battering her physically, committing malpractice, and displaying moral turpitude in his medical treatment of her condition. In response, Dr. Lang sued various defendants, including the broadcasters of the segment, the reporter, and Ms. Tourtillott, who had already instituted a malpractice action against Dr. Lang.
Although Ms. Tourtillott actively pursued her lawsuit, Dr. Lang acted with anything but alacrity. In fact, he delayed filing the complaint until only a few days before the expiration of the statute of limitations. Then, only after he had amended his complaint on August 26, 2002, did Dr. Lang effectively activate his lawsuit by issuing summonses on the defendants. The timing of these initial filings is not relevant to this discussion of the procedural dismissal, however, nor are the merits of Dr. Lang's claims.
In any analysis of the propriety of a dismissal for lack of prosecution, certain actions and dates become crucial. Here, the critical points are the media defendants' filing of their answer and defenses on February 19, 2003, and their motion to dismiss for lack of prosecution on February 20, 2004. The next important record entry reflects that Dr. Lang filed discovery requests on February 23, 2004. The filed documents, however, bear a certificate of service dated February 18, 2004, two days before the media defendants filed their motion to dismiss for lack of prosecution. Ms. Tourtillott served discovery requests on February 27, 2004, and followed that action with her own motion to dismiss for lack of prosecution on March 29, 2004. After a hearing, the trial court dismissed Dr. Lang's amended complaint as to all defendants.
The issue we must consider is whether the trial court's action comported *169 with the Florida Rules of Civil Procedure. Rule 1.420(e) provides as follows:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person . . . unless . . . a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The courts apply a two-step analysis to determine whether dismissal is an appropriate sanction. First, the moving party must demonstrate that there was no record activity for the year preceding the filing of its motion to dismiss. Seabury v. Cheminova, Inc., 868 So.2d 625, 627 (Fla. 2d DCA 2004); Jain v. Green Clinic, Inc., 830 So.2d 836, 838 (Fla. 2d DCA 2002). In this case, Ms. Tourtillott filed her motion to dismiss for lack of prosecution approximately a month after she had filed her discovery requests. Because there was record activity within the applicable one-year period, the trial court erred in dismissing Dr. Lang's action against Ms. Tourtillott, and we reverse that portion of the order.
Dr. Lang concedes, however, that there was no record activity within the one-year period preceding the media defendants' filing of their motion to dismiss. Under these circumstances, the court must take the second step of affording the plaintiff an "opportunity to establish good cause why the action should not be dismissed." Seabury, 868 So.2d at 627 (quoting Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991)). A plaintiff can demonstrate good cause by pointing to nonrecord activity calculated to move the case forward to a conclusion. Metro. Dade County v. Hall, 784 So.2d 1087, 1091 (Fla. 2001). The trial court's good cause determination is examined by the appellate court for abuse of discretion. Seabury, 868 So.2d at 628 (citing Metro. Dade County, 784 So.2d at 1090 n. 4).
The undisputed fact adduced at the hearing on the motion to dismiss was that Dr. Lang mailed discovery requests to the defendants on February 18, 2004, two days before the media defendants moved for dismissal for lack of prosecution. The media defendants received the mailed requests on February 20, 2004, but only after they had filed their motion to dismiss on that same day.
In a pertinent case examined by the Fourth District, the issue centered upon a request for admissions directed by a plaintiff to the defendants. In Curtin v. Deluca, 886 So.2d 298, 300 (Fla. 4th DCA 2004), the court observed that "[t]he question that must be resolved is whether the Request, which for some unexplained reason is not reflected as record activity in the court file, is non-record activity that constitutes good cause to avoid dismissal." The Fourth District "answer[ed] the question in the affirmative." Id. Finding that the discovery request focused on genuinely disputed issues and was calculated to move the case forward, the court concluded that the plaintiff had demonstrated good cause to preclude dismissal for failure to prosecute under rule 1.420(e). See also Metro. Dade County, 784 So.2d at 1091 ("[W]ithin the meaning of rule 1.420(e), depositions taken and offers of judgment made in accordance with the Florida Rules of Civil Procedure are good cause to avoid dismissal if the depositions and offers are taken and made in good faith to move the case forward to a conclusion."); Netzley v. Maginness, 806 So.2d 596, 597 (Fla. 2d DCA 2002) ("Even if we assume that these interrogatories were filed primarily to *170 avoid dismissal of a dormant case, they were still designed to move the case forward.").
We have examined Dr. Lang's discovery requests in this case and conclude that the requests are specific to the issues framed by the pleadings and, on their face, calculated to advance the case to conclusion. Because notices of serving interrogatories are record activity that would give the trial judge no discretion to dismiss if filed within the year, we hold that notices served within the one-year period but filed a few days later constitute good cause to avoid dismissal, if the interrogatories are serious discovery efforts. Accordingly, we reverse the order dismissing the case against the media defendants for lack of prosecution. We caution, however, that Dr. Lang and other plaintiffs should not interpret this decision as in any way condoning a lack of diligence. The attention of our already overburdened trial courts should not be consumed by dilatory parties waiting until the last moment to move their cases forward.
Reversed and remanded.
ALTENBERND and LaROSE, JJ., Concur.