NORTHCUTT, Judge.
In July 2000, Martha Broadbent filed suit in Charlotte County against her sister, Joann Thompson, to resolve a dispute over property owned by their father. The case was still lingering in December 2008, when the circuit court dismissed it for lack of prosecution. See Fla. R. Civ. P. 1.420(e). No one disputes that there was no record activity in the case that would defeat the dismissal. See Wilson v. Salamon, 923 So.2d 363, 368 (Fla.2005). The dispositive issue is whether Broadbent established good cause for her failure to act. Under the unusual circumstances of this case, we conclude that the circuit court abused its discretion in holding that she did not. We reverse and remand for further proceedings.
Broadbent was appointed guardian of her father, Roscoe Eller, by a court in Illinois, where her father lived. She brought the Charlotte County suit in that capacity. The parties mediated their differences in 2003 and reached a settlement. Their agreement required that the settlement be approved by the Illinois guardianship court. Broadbent applied for approval. The Illinois court held a hearing on her application, during which she vacillated about whether she agreed with the settlement terms. For reasons not apparent in this record, the Illinois court never entered an order either approving or disapproving the settlement. Mr. Eller died in 2004. His death effectively ended Broad-bent’s tenure as guardian and the guardianship court’s authority over his property. Subsequently, in July 2005 the Illinois probate court appointed Thompson as the personal representative of Mr. Eller’s estate.
In the meantime, in early 2005 the circuit court in Charlotte County had sent the parties a notice that it would dismiss the suit for lack of prosecution unless good cause was shown. Both Broadbent and Thompson filed pleadings requesting that the case remain pending based on the settlement agreement and the fact that the Illinois court had not yet approved it. In February 2005, the circuit court noted on the docket that the ease should “remain pending.” But the court dismissed the case in March 2006.
Broadbent moved to set aside that dismissal in January 2007, again stating that the parties had settled their dispute but that the Illinois court had still not approved the agreement. After holding a hearing, the circuit court set aside the dismissal and stated that the “action shall remain open and pending until the Illinois Court approves or disapproves the mediated Settlement Agreement.”
*726 Then, in April 2008, Thompson served a notice of her intent to file a motion to dismiss the case for lack of prosecution. See Fla. R. Civ. P. 1.420(f). No record activity occurred after the filing of the notice, and Thompson subsequently moved to dismiss. Broadbent filed a response to that motion, again setting out the facts of the mediated settlement agreement and the Illinois court’s failure to approve or disapprove it. She also noted that Thompson was the executor of Mr. Eller’s estate and that accordingly she was the proper party to obtain the probate court’s approval of the agreement. Broadbent asserted that Thompson’s failure to seek approval of the agreement in Illinois should not be rewarded with the dismissal of the Charlotte County case. The circuit court held a hearing, determined that Broadbent had not shown good cause to avoid the dismissal, and dismissed the case.
We review the circuit court’s decision that good cause has or has not been shown for an abuse of discretion. Seabury v. Cheminova, Inc., 868 So.2d 625, 628 (Fla. 2d DCA 2004). As the Seabury court noted, the pendency of another suit can provide good cause for not proceeding in the action subject to dismissal. Id. at 627-28. It discussed Insua v. Chantres, 665 So.2d 288 (Fla. 3d DCA 1995), in which a related case prevented the dormant action from going forward. Insua had sued Chantres for damages. Chantres was in-súred by Travelers Indemnity Company. At Travelers’ instance, Insua and Chantres agreed to postpone their suit pending the resolution of Travelers’ declaratory actions to determine the extent of coverage. But during the pendency of Travelers’ suits, the circuit court dismissed the Insua-Chantres action for failure to prosecute. Insua moved to vacate the dismissal but the circuit court denied that motion, an action that the Third District characterized as “plain error.” Id. at 289.
We likewise determine that the circuit court erred in dismissing Broadbent’s Charlotte County suit, particularly in the face of the prior order declaring that the case would remain pending until the Illinois court approved or disapproved the mediated settlement. At this point, the ball is apparently in Thompson’s court; as personal representative of Mr. Eller’s estate, she has responsibility to seek approval of the settlement in Illinois. Broadbent cannot move forward in Florida until that approval is given or denied.
Still, we wholly agree with the circuit court that this case has tarried far too long on its docket. Perhaps the circuit court may wish to order Thompson to seek approval of the settlement in Illinois within a given time period. If Thompson fails to do so, the court could set aside the settlement and permit Broadbent to move forward with her suit.[1] But this is merely a suggestion. We leave it to the able circuit judge to fashion a mechanism that will ensure that this case moves forward.
Reversed and remanded.
DAVIS and LaROSE, JJ., Concur.

. Broadbent filed the affidavit of an Illinois lawyer in connection with her response to the motion to dismiss. The affidavit reflects that an Illinois court has appointed Broadbent as a Special Administrator of the Estate of Roscoe' Eller for the purpose of prosecuting the claim against Thompson in Charlotte County.