BOARDMAN, EDWARD F., (Ret.) Judge.
This appeal arises out of the trial court’s dismissal with prejudice of appellant’s complaint against all defendants. We affirm in part and reverse in part.
The undisputed facts may be summarized as follows.
Appellant Louise List (“List”) brought the instant negligence action against St. Petersburg Hotel Association, Ltd., d/b/a Bayfront Concourse Hotel (“Bayfront Concourse”), Vision Enterprises, Inc. (“Vision”), and the Florida Unit of the American Contract Bridge League, Inc. (“Bridge League”).[1] Prior to List’s commencement of the suit, however, Bayfront Concourse sought protection from its creditors under the federal bankruptcy laws.[2]
Bridge League moved to dismiss List’s complaint for failure to state a cause of action against it. The trial court, after hearing, granted the motion and dismissed the complaint as to Bridge League alone, permitting List to amend within twenty days.
Vision’s motion to dismiss the complaint for failure to state a cause of action against it was denied, but Vision was not required to file an answer until List filed her amended complaint pursuant to the court’s order with respect to Bridge League.
No further activity occurred in the cause until approximately fifteen months later when Bridge League moved for involuntary dismissal of the action with prejudice on the ground that List had never amended her complaint after the court’s previous order of dismissal for failure to state a cause of action. Thereafter, Bayfront Concourse moved for dismissal on the grounds that: 1) List had failed to comply with the court’s order to amend her complaint against Bridge League; 2) List had failed to comply with an order directing her to respond to Vision’s request for discovery; and 3) List had taken no action in the cause for more than one year. Vision also moved to dismiss List’s complaint on the first and *1260 third grounds named above, but made no reference to its discovery request.
The trial court granted the motions of all defendants and dismissed List’s complaint against each of them with prejudice. This timely appeal ensued.
It is clear that once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, the court may subsequently dismiss an unamended complaint with prejudice for its continuing failure to state a cause of action upon proper notice to the plaintiff. Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla.3d DCA), petition for review denied, 424 So.2d 763 (Fla.1982); Fla.R.Civ.P. 1.420(b). List does not dispute that she received proper notice of the hearing on Bridge League’s motion for dismissal with prejudice filed pursuant to rule 1.420(b). Because she never amended her complaint against Bridge League, her pleading suffered from a continuing failure to state a cause of action which properly made it subject to dismissal. Edward L. Nezelek, Inc., 413 So.2d at 54. We, therefore, affirm the trial court’s dismissal with prejudice of List’s complaint against Bridge League.
However, different principles govern the disposition of this action as to Bay-front’s Concourse and Vision. The filing of the petition in bankruptcy automatically stayed proceedings in state court against Bayfront Concourse. 11 U.S.C. § 362(a), The bankruptcy court did not lift the automatic stay as to Bayfront Concourse until April of 1984, the month after the hotel moved to dismiss List’s complaint. Hence, List cannot be faulted for her inaction with respect to Bayfront Concourse.
List’s failure to amend her complaint to state a cause of action against Bridge League cannot justify dismissal of her complaint against Vision, particularly since the court ruled that List stated a cause of action against Vision. Likewise, the complaint cannot be dismissed against Vision for lack of prosecution because Bayfront Concourse remains in the ease as a party. As this court held in Bowman v. Peele, 413 So.2d 90 (Fla.2d DCA), appeal dismissed, 419 So.2d 1199 (Fla.1982),
Where the court has acquired jurisdiction over all of the parties, a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) will not lie as to an individual party. Accordingly, if an action is stayed as to one or more of the parties either by court order or by an automatic stay invoked because of the federal bankruptcy act, it will not be dismissed for failure to prosecute. To hold otherwise would frustrate the purpose of the rule which is to expedite and simplify litigation, not to cause additional litigation through no fault of the one moved against.
413 So.2d at 91. If List had continued to prosecute her action against Bayfront Concourse, she would have been in violation of the automatic stay prescribed by the bankruptcy laws. Continuing the action against Vision alone would not have expedited the litigation and thus was not required. See id.
Consequently, we reverse the trial court’s dismissal of List’s complaint with prejudice as to Bayfront Concourse and Vision and remand for further proceedings against these two defendants and their insurers.
Affirmed in part, reversed in part; and remanded.
GRIMES, A.C.J., and CAMPBELL, J., concur.

. List also joined the insurance carrier for each defendant in her suit.

. Bayfront Concourse filed its suggestion of bankruptcy in the instant action approximately three months after List commenced her suit.