**In re Henry Bernard CLASSE, Jr., Debtor,**

**Rebecca CLASSE, Plaintiff,**

v.

**Henry Bernard CLASSE, Jr., Defendant.**

**Bankruptcy No. 86–00444–BKC–JJB. Adv. No. 86–0264–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 23, 1987.

Henry Bernard Classe, Jr., pro se.

T.J. Mullin, Clayton, Mo., for debtor.

Rebecca Marie Classe, pro se.

Joseph Johnson, Hillsboro, Mo., for plaintiff.

Eileen Voss, Trustee, St. Louis, Mo.

JAMES J. BARTA, Bankruptcy Judge.

## FINDINGS AND CONCLUSIONS

The hearing on the Defendant's Counterclaim was called on June 22, 1987. The parties appeared in person and by their respective counsel and presented testimony, evidence and oral argument upon the record. Upon conclusion of the hearing, and after consideration of the record as a whole, the Court announced certain findings and conclusions and orders from the bench as summarized herein.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(b)(A), (C), and (I). These findings and conclusions and orders are the final orders of the Bankruptcy Court in this Adversary Proceeding.

It is a fundamental principle of Bankruptcy Law that the commencement of a Bankruptcy case operates as an automatic stay of all collection activities against the debtor unless specifically excepted by 11 U.S.C. § 362(b). This Chapter 13 case was commenced by the Debtor's voluntary petition filed on February 21, 1986.

The record clearly indicates that the Plaintiff in this Adversary Proceeding continued and prosecuted a non-bankruptcy proceeding against this Debtor in February, 1987. This non-bankruptcy proceeding was an attempt to enforce collection of a provision of a pre-bankruptcy dissolution decree involving the Plaintiff and the Defendant/Debtor. The Plaintiff had been listed as a creditor in this Chapter 13 proceeding and had received notice of the Debtor's proposal to pay her claim through the Chapter 13 plan. Therefore, the Court concludes that the Plaintiff's continuation of the non-bankruptcy lawsuit after commencement of this Chapter 13 case was in violation of the automatic stay of 11 U.S.C. § 362.

The record indicates further that this Plaintiff was a debtor in an individual Chapter 7 Bankruptcy case which was commenced during the pendency of the Chapter 13 case of Henry Bernard Classe, Jr. A review of the Plaintiff's Chapter 7 case indicates that Mrs. Classe failed to list and describe the non-bankruptcy proceeding referred to above, this Adversary Proceeding against Henry Bernard Classe, Jr., and the various claims against Mr. Classe which were pending at the commencement of Rebecca Classe's case. Furthermore, Rebecca Classe failed to claim any exemption in her claims against Henry Bernard Classe, Jr.

An adversary complaint in a Bankruptcy case, and a petition or complaint in a non-bankruptcy court are clearly lawsuits which must be identified in a debtor's Chapter 7 schedules and/or statements of affairs. A debtor's claim, whether liquidated, unliquidated, contingent or uncontingent is an asset of a Bankruptcy case and must be so described and listed. Clearly, Rebecca Classe's claim against this Debtor was an asset which should have been listed in her Chapter 7 Bankruptcy case, pursuant to 11 U.S.C. § 541.

■ The Plaintiff's actions in not prosecuting this Adversary Proceeding, when considered with her violation of the automatic stay, and her failure to disclose assets in her own Chapter 7 case, have injured Henry Bernard Classe, Jr., Defendant/Debtor in that he has suffered lost wages and is or has been required to expend legal fees in defense of this proceeding. Therefore, upon consideration of the record as a whole, the Court finds and concludes that the Defendant is entitled to reimbursement of his legal expenses in connection with defending this Adversary Proceeding. Such reimbursement is calculated from the record as follows:

Three Court appearances by the Defendant's Counsel, T.J. Mullen, at 3.5 Hours each; and 1 Hour in connection with preparation and filing of a motion to dismiss and counterclaim in this proceeding. The reasonable rate of compensation for Defendant's Counsel is $85.00 per hour. Therefore, by separate Order, the Defendant's Counterclaim is granted, and judgment is entered in the amount of $977.50.