522 So.2d 465 (1988)
PERSONALIZED AIR CONDITIONING, INC., a Florida Corporation, Appellant,
v.
C.M. SYSTEMS OF PINELLAS COUNTY, INC., a Florida Corporation, and the Travelers Indemnity Company, a Connecticut Corporation, Appellees.
No. 87-0991.
District Court of Appeal of Florida, Fourth District.
March 16, 1988.
Kenneth W. Shapiro of Sherr, Tiballi, Fayne & Schneider, Fort Lauderdale, for appellant.
David E. Gurley, Anthony J. Abate and Donald D. Clark of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellee-The Travelers Indem. Co.
DOWNEY, Judge.
On or about July 2, 1985, appellant filed a complaint under a Labor and Material *466 Payment Bond against C.M. Systems of Pinellas County, Inc., as principal, and The Travelers Indemnity Company, as surety. On August 14, 1985, Travelers and C.M. Systems filed a motion to dismiss, and on September 16, 1985, a motion to strike and to transfer. Except for the filing of a Notice of Substitution of Counsel on April 22, 1986, these motions were the last "record activity" in the court file prior to Travelers' filing a motion to dismiss for failure to prosecute on or about December 3, 1986. On April 25, 1986, C.M. Systems filed a petition in bankruptcy in the federal district court; however, no formal written notice thereof was filed in the trial court in this case until December 30, 1986. Nevertheless, on January 9, 1987, the trial court entered an order requiring the parties to show cause why the action should not be dismissed for lack of prosecution. Appellant filed a response and, at the hearing on the rule, counsel for the appellant advised the court that appellee, C.M. Systems, had filed a petition in bankruptcy during the pendency of the suit, thus automatically staying the cause. The trial court then entered its order dismissing the cause as to Travelers for failure to prosecute and allowed the cause to remain pending against appellee, C.M. Systems.
Appellant contends on appeal that the trial court erred in dismissing the cause as to Travelers because 1) the cause had been automatically stayed by C.M. Systems' filing of the petition in bankruptcy, and 2) Florida Rule of Civil Procedure 1.420(e) precludes dismissal as to only one of several parties for lack of prosecution.
The record indicates that the trial court was advised prior to entry of the order of dismissal that C.M. Systems had filed a petition in bankruptcy some seven or eight months prior thereto. Filing of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay. Kalb v. Feverstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); Pope v. Manville Forest Products Corporation, 778 F.2d 238 (5th Cir.1985); 2 Collier on Bankruptcy ¶¶ 362.03, 362.11 (L. King 15th ed. 1985). Thus, this proceeding was automatically stayed and the trial court's action in dismissing it was void. Furthermore, under Florida Rule of Civil Procedure 1.420(e) a motion to dismiss for failure to prosecute may not be granted as to some of the defendants in a case and not as to others. As the court said in Bowman v. Peele, 413 So.2d 90, 91 (Fla. 2d DCA 1982):
Where the court has acquired jurisdiction over all of the parties, a motion to dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e) will not lie as to an individual party. Accordingly, if an action is stayed as to one or more of the parties either by court order or by an automatic stay invoked because of the federal bankruptcy act, it will not be dismissed for failure to prosecute. To hold otherwise would frustrate the purpose of the rule which is to expedite and simplify litigation, not to cause additional litigation through no fault of the one moved against. It is true that the appellant could have proceeded against the appellee individually, but to do so, without severing the cause of action, would not have expedited the litigation. Action against the appellee would not have affected the other defendants and accordingly would not have advanced the entire case toward its ultimate disposition.
Thus, dismissal of Travelers, leaving the case pending against C.M. Systems, was error.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings.
WALDEN, J., and SHARP, WINIFRED J., Associate Judge, concur.