[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#105 Claim of Exemption from Dormancy Program by Reason of Bankruptcy)
Plaintiff, D. J. King Trucking Excavating, Inc., claims an exemption from the dormancy program by reason of CT Page 3790 bankruptcy.
Defendants, Corcoran Jennison Builders, Inc., and Firemen's Insurance Company of Newark, New Jersey, have filed an objection.
On March 1, 1994, the plaintiff, D.J. King Trucking 
Excavating, Inc. (DJK), filed a five count complaint against the defendants, Corcoran Jennison Builders, Inc. (CJB) and Firemen's Insurance Company of Newark, New Jersey. In its complaint, the plaintiff alleges that it entered into a subcontract with CJB on April 24, 1992 whereby the plaintiff agreed to provide labor, services, equipment, and materials required to perform certain site work in accordance with contract documents. CJB was the general contractor. The plaintiff performed from on or about April 24, 1992 through on or about March 5, 1993 in accordance with the terms and conditions of the subcontract and substantially completed its base contract work including changed work and extra work.
The subcontract provided that the plaintiff would receive periodic payments for contract work performed as well as change order work performed. CJB allegedly breached the subcontract with the plaintiff in that it (1) failed to pay the plaintiff for base work performed and requisitioned by the plaintiff; (2) failed to pay the plaintiff for changed, modified, or amended work performed and requisitioned by the plaintiff; and (3) failed to pay the plaintiff for extra work performed and requisitioned by the plaintiff. Counts one through four are directed at defendant CJB and allege the following causes of action: breach of contract, misrepresentation, CUTPA, and unjust enrichment. In count five, the plaintiff seeks recovery from defendant Fireman's Insurance Co. on a payment bond because it was not compensated from CJB.
For purposes of this motion, the pertinent facts, taken from various exhibits and the affidavit of Douglas J. King, Jr., who is president of plaintiff D.J. King Trucking 
Excavating, are as follows. On July 5, 1994, a petition for involuntary bankruptcy under Chapter 7 of Title 11 of the United States Code was filed against the plaintiff, as the alleged debtor. The involuntary petition was filed in the United States Bankruptcy Court for the District of Connecticut. On January 25, 1995, an order for relief under CT Page 3791 Chapter 7 was granted by the bankruptcy court, Krechevsky, J.
On February 15, 1995, the plaintiff filed with the Superior Court, judicial district of Hartford/New Britain at Hartford a claim for exemption from dormancy program by reason of bankruptcy. Additionally, in accordance with Practice Book § 250B the plaintiff filed the affidavit of Douglas J. King, Jr. In response to a notice from the clerk's office that a status update was needed in the state action, the plaintiff filed an updated claim for exemption by reason of bankruptcy on September 18, 1995. On September 22, 1995, the defendants filed an objection to the plaintiff's claim for exemption from dormancy. On October 2, 1995, the plaintiff filed an affidavit of bankruptcy.
Practice Book § 250B, which governs the proper procedure for this action, provides:
 When a claim for an exemption from the dormancy program by reason of bankruptcy is filed, it shall be accompanied by an affidavit setting forth the date the bankruptcy petition was filed, the district of the bankruptcy court in which it was filed and the address, the name of the bankruptcy debtor and the number of the bankruptcy case and shall be sworn to by the party claiming the exemption or his attorney. An updated affidavit shall be filed every six months by said claimant.
The plaintiff has complied with all the procedural requirements listed in Practice Book § 250B. On February 14, 1995, the plaintiff filed its claim for exemption from dormancy along with an affidavit setting forth the date the bankruptcy petition was filed, the district of the bankruptcy case, and the name and number of the bankruptcy case. The plaintiff's compliance with the rules set forth in Practice Book § 250B stayed the state court action for a period of six months from the date of the plaintiff's filing of a claim for exemption from dormancy. See Practice Book § 250B.
On September 18, 1995, the plaintiff, in response to a notice that a status update was needed in the state court action, filed an updated claim for exemption. The defendant filed an objection to the claim for exemption on September 21, 1995. The plaintiff's submission was returned by the clerk's CT Page 3792 office, and the plaintiff was advised by the clerk that only an updated affidavit of bankruptcy could be filed. On October 2, 1995, the plaintiff filed an updated affidavit of bankruptcy.
The defendants object to the plaintiff's claim for exemption on the grounds that: (1) the bankruptcy does not preclude the plaintiff, as debtor, from pursuing this action; (2) this is the second exemption from dormancy claimed by the plaintiff; (3) the present case is moot, as the parties have already fully litigated the claims in the present case before an arbitration panel.
Bankruptcy law favors granting the plaintiff's exemption from dormancy. The filing of a petition in bankruptcy automatically stays the proceedings in state court against a debtor. 11 U.S.C. § 362 (a). Hence, this court is precluded from taking any action in the present case.
Practice Book § 250B requires the claimant to file an updated affidavit every six months. The plaintiff's original claim for exemption was filed on February 14, 1995. However, the plaintiff's updated affidavit was not filed until October 2, 1995, more than six months from the date that the plaintiff's original claim for exemption was filed. Although the updated affidavit was filed in an untimely manner pursuant to Practice Book § 250B, no action can be taken on the present case, as the bankruptcy matter is still pending. "Filing of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are voideven if there is no actual notice of the stay." (Emphasis added.) Personalized Air Conditioning, Inc. v. C.M. Systems,522 So.2d 465 (Fla.App. Dist. 1988).
Against this background, federal bankruptcy law precludes this court, or any other state court, from taking any action on the present case. See Pringle v. Bodziak, 602 So.2d 589
(Fla.App. Dist. 1992) (once jurisdiction had been obtained over all of the parties, and at least one of the guarantors had invoked the protections of the bankruptcy stay, a motion to dismiss for failure to prosecute was not available);Personalized Air Conditioning, Inc. v. C.M. Systems, supra,522 So.2d 465 (Fla.App. 4 Dist. 1988) (upon filing of bankruptcy petition, trial court proceeding was automatically CT Page 3793 stayed and trial court's order dismissing action for failure to prosecute was void); In Re Classe, 75 B.R. 543 (Bkrtcy. E.D.Mo. 1987) (continuation of plaintiff's nonbankruptcy lawsuit after commencement of Chapter 13 case was in violation of automatic stay); and LIST v. St. Petersburg HotelAssociation, Ltd., 466 So.2d 1258 (Fla.App. 2 Dist. 1985) (complaint should not have been dismissed as to defendant who had filed petition in bankruptcy).
Therefore, plaintiff's claim for exemption from dormancy by reason of bankruptcy is granted.
Schimelman, J.