[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TOCT Page 8811 RESTORE CASE AND OPEN JUDGMENT #113
On March 25, 1998, the plaintiff, Alexander Hamilton Life Insurance Company of America (AHL), filed this foreclosure action against the defendant, Anita F. Lefebvre, alleging that she was in default on a promissory note. The note was secured by a mortgage deed on property located at 141 Valley Road in the town of Killingly. On May 11, 1998, the court entered a judgment of foreclosure by sale, and ordered a sale date of October 10, 1998. On October 9, 1998, one day before the scheduled sale, Lefebvre filed a Chapter 13 bankruptcy petition staying the sale. It is apparent from a review of the record that the parties failed to notify this court of the Chapter 13 bankruptcy petition. Accordingly, without knowledge of the bankruptcy petition, on August 29, 1999, the court administratively closed the foreclosure action under the assumption that the sale had occurred as ordered and no supplemental judgment was being sought.
On September 13, 2000, Lefebvre's bankruptcy petition was dismissed, and on January 26, 2001, AHL filed a motion to restore the case to the docket and open the judgment on the ground that the administrative closure of this case was void, ab initio, because the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362 (a), precluded the court from taking any action in the foreclosure case while the bankruptcy petition was pending. Lefebvre did not file an objection to AHL's motion, but, at short calendar, argued that because she did make some payments to the bankruptcy trustee, thereby curing the previous default, AHL should have to either file a new action or replead.
"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. Midlantic National Bank v. New JerseyDept. of Environmental Protection, 474 U.S. 494, 503, 106 S.Ct. 755,88 L.Ed.2d 859 (1986). Actions taken which knowingly or unknowingly violate the stay are generally void and of no effect. In re 48th StreetSteakhouse, Inc., 835 F.2d 427, 431 (2d Cir. 1987), cert. denied, sub nom. Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc.,485 U.S. 1035, [108 S.Ct. 1596, 99 L.Ed.2d 910] (1988). Thus, the stay is effective immediately upon the filing of the petition and any proceedings or actions described in [§ 362(a)] are void and without vitality if they occur after the automatic stay takes effect. Rexnord Holdings, Inc.v. Bidermann, 21 F.3d 522, 527 (2nd. Cir. 1994)." Gughotti v. Michaud, Superior Court, Judicial District of Waterbury, Docket No. 127511 (April 10, 1996, Kulawiz, J.) (16 Conn. L. Rptr. 463, 464); see also In reCarter, 131 B.R. 4 (Bkrtcy.D.Conn. 1991) (because the automatic stay provision is applicable to state court's post-petition order in a CT Page 8812 foreclosure action, the order is null and void).
"Moreover, `actions taken in violation of the stay are void even when there is no actual knowledge of the stay.' In Re Marine PollutionService, Inc., 99 B.R. 210, 217 (Bkrtcy.S.D.N.Y. 1989) (citing Kalb v.Feurstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940))." Gughottiv. Michaud, supra, 16 Conn. L. Rptr. 464; see also D.J. King Trucking Excavating, Inc. v. Corcoran Jennison Builders, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 534936 (April 10, 1996, Schimelman, J.) ("`[the] [f]iling of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay'").
The filing of a voluntary bankruptcy petition generally stays all actions taken to realize the value of collateral given by the debtor.United Savings Assn. of Texas v. Timbers of Inwood Forest Associates,Ltd., 484 U.S. 365, 369, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Section 362(a) of the Bankruptcy Code outlines the automatic stay applicable in bankruptcy proceedings and provides in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title. . . . operates as a stay applicable to all entities, of . . . (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case. . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The automatic stay provision generally ousts state courts of jurisdiction regarding any claim made against the bankrupt debtor. United Savings Assn. of Texas v. Timbers ofInwood Forest Associates, Ltd., supra, 484 U.S. 369. "The stay is effective automatically and immediately regardless of actual notice upon the filing of a voluntary . . . petition. Actions taken which knowingly or unknowingly violate the stay are void and of no effect." Matter ofColonial Realty Co., 122 B.R. 1, 4 (Bkrtcy.D.Conn. 1980).
Accordingly, even if a party fails to file a motion, pursuant to Practice Book § 14-1,[1] to stay an on-going non-bankruptcy proceeding, any state court action taken in violation of the automatic stay provision of the Bankruptcy Code is void. See Commerzanstalt v.Telewide Systems, Inc., 790 F.2d 206, 207 (2nd Cir. 1986); Ramdharry v.Gurer, Superior Court, Judicial District of Tolland at Rockville, Docket No. 042620 (January 25, 1995, Klaczak, J.).
"Against this background, federal bankruptcy law precludes this court, CT Page 8812-a or any other state court, from taking any action on [a debtors'] case. See Pringle v. Bodziak, 602 So.2d 589 (Fla.App. Dist. 1992) (once jurisdiction had been obtained over all of the parties, and at least one of the guarantors had invoked the protections of the bankruptcy stay, a motion to dismiss for failure to prosecute was not available);Personalized Air Conditioning, Inc. v. C.M Systems, 522 So.2d 465
(Fla.App. Dist. 1988) (upon filing of bankruptcy petition, trial court proceeding was automatically stayed and trial court's order dismissing action for failure to prosecute was void); In Re Classe, 75 B.R. 543
(Bkrtcy.E.D.Mo. 1987) (continuation of plaintiffs nonbankruptcy lawsuit after commencement of Chapter 13 case was in violation of automatic stay); and LIST v. St. Petersburg Hotel Association, Ltd, 466 So.2d 1258
(Fla.App. 2 Dist. 1985) (complaint should not have been dismissed as to defendant who had filed petition in bankruptcy)." D.J. King Trucking Excavating, Inc. v. Corcoran Jennison Builders, supra. Superior Court, Docket No. 534936; see also Ramdharry v. Gurer, supra, Superior Court, Docket No. 042620 (the four month limitation on opening judgments is not applicable where the court did not have jurisdiction to render the judgment because of the automatic stay provision of the Bankruptcy Code).
Accordingly, based upon the foregoing, the court holds that the administrative closure of this action was void ab initio, and, therefore, AHL's motion to restore the case to the docket and open the judgment is granted.
FOLEY, J.