886 So.2d 298 (2004)
Theresa CURTIN and Raymond Curtin, her husband, Appellants,
v.
Helena A. DELUCA, D.M.D. and Helena A. Deluca, D.M.D., P.A., a Florida professional association, Appellees.
No. 4D03-2744.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
*299 Sharon M. Sabel, Fort Lauderdale, for appellants.
Susan S. Oosting, Gary Shendell and Andrew Marchese of Marshall, Dennehey, Warner, Coleman & Goggin, Fort Lauderdale, for appellees.
HAZOURI, J.
Theresa and Raymond Curtin (Plaintiffs) filed suit against Helena A. Deluca, D.M.D. and Helena A. Deluca, D.M.D., P.A., a Florida professional association (Defendants) alleging negligence. Defendants denied the allegations and the case proceeded through discovery. In February 2003, Defendants filed a Motion to Dismiss for Lack of Prosecution. The trial court granted the motion and dismissed the case. A Final Judgment was entered in favor of Defendants. Plaintiffs appeal the Final Judgment. We reverse.
In September 1998, Plaintiffs filed a First Amended Complaint against Defendants. Deluca is a dentist who treated Theresa Curtin from February 2, 1992 through April 8, 1997. The Complaint alleged that Deluca was negligent in her care and treatment of Theresa.
Defendants responded to the First Amended Complaint by filing an Answer and Affirmative Defenses. The case actively proceeded with discovery through 2001. During 2002, only two filings were made. On January 25, 2002, Plaintiffs filed a Notice of Service of Answers to Defendants' Expert Witness Interrogatories.
On February 14, 2003, Defendants filed a Motion to Dismiss for Lack of Prosecution. Defendants alleged that the last record activity designed to move the case forward to a conclusion was on January 25, 2002. Therefore, Defendants argued that the case should be dismissed for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). On February 20, 2003, Defendants filed a Notice of Hearing *300 setting the Motion for hearing on February 27th.
In response to the Motion to Dismiss, Plaintiffs filed two Affidavits in opposition. The Affidavits were from: 1) Plaintiffs' attorney Sharon Sabel; and 2) Sabel's assistant Patricia Thaler. The affidavits state that in January 2003, Sabel prepared a Request for Admissions (Request) directed to Defendants. She delivered the Request to the courthouse on January 24, 2003 and mailed a copy to Karen Cohen (Defendants' lawyer) on that same day.
At the hearing on the Motion to Dismiss, the Defendants acknowledged receiving a copy of the Request but argued that the case should be dismissed because the last record action taken by the Plaintiffs which was designed to move the case forward was on January 25, 2002, more than a year before Defendants filed their Motion to Dismiss. With respect to the Request, Defendants argued that it did not constitute "record activity" because: 1) the Request was never filed with the trial court; and 2) the Request was initiated solely to create record activity and did not ask any meaningful questions designed to move the case forward where the information sought in the Request was previously covered in depositions.
Plaintiffs' counsel asserted that she had hand-delivered the Request to the court and could not explain why it was never filed and that the Request established good cause as to why the case should not be dismissed.
The trial court found that there was no activity on the face of the record for a one year period as required by Florida Rule of Civil Procedure 1.420(e) and that the Plaintiffs had failed to sustain their burden of establishing any non-record activity that was done in good faith and designed to move the case forward.
A Motion to Dismiss for Lack of Prosecution is governed by Florida Rule of Civil Procedure 1.420(e), which states as follows:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Under this rule, there is a two-step process. First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. See Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). The plaintiff has the burden of demonstrating that one of the bases that would preclude dismissal exists. See Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001). Dismissal is mandatory if it is demonstrated that no action toward prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of the rule. The abuse of discretion standard is triggered only if the trial court must make a determination of good cause. Id. at 1090 n. 4.
The question that must be resolved is whether the Request, which for some unexplained reason is not reflected as record activity in the court file, is non-record activity that constitutes good cause to avoid dismissal. We answer the question in the affirmative.
*301 The supreme court held in Hall that non-record discovery activity can constitute good cause if it is made in good faith to move the case forward. In Hall, there had been no record activity within one year of the filing of a motion to dismiss pursuant to rule 1.420(e). However, within the one year period depositions had been taken and the plaintiff had made an offer of judgment. The court stated:
We hold that, within the meaning of rule 1.420(e), depositions taken and offers of judgment made in accordance with the Florida Rules of Civil Procedure are good cause to avoid dismissal if the depositions and offers are taken and made in good faith to move the case forward to a conclusion.
Id. at 1091.
We find that the trial court abused its discretion. The Request served by the Plaintiffs was sufficient to preclude dismissal because it focused on genuine issues in the case which had been disputed in the pleadings. See Malka v. Lawrence, 690 So.2d 649 (Fla. 3d DCA 1997). Defendants assert that much of the information requested in the Request had previously been obtained through deposition and, therefore, was not calculated to move the case forward. However, Defendants ignore the fact that requests for admissions can serve very useful purposes at trial. There are valid tactical reasons for obtaining information for use at trial through a request for admissions as opposed to the introduction of deposition testimony. Even if the information sought in the request for admissions is also disclosed in a deposition, a party may wish to introduce the answers on specific issues without the use of a deposition in order to avoid the introduction of any part or all of the deposition by the opposing party.[1] The availability of one method of discovery does not preclude the use of another tool for discovery.
We find that the Plaintiffs established good cause for the lack of record activity which was calculated to move the case forward. We therefore reverse and direct the trial court to vacate the Final Judgment in favor of the Defendants and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] Fla. R. Civ. P. 1.330(a)(4) states, "If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts."