944 So.2d 1059 (2006)
Patricia JOHNSON and Joseph Johnson, Appellants,
v.
MAROONE FORD LLC, d/b/a Maroone Ford, Appellee.
No. 4D05-3641.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
*1060 Mark M. Heinish of Katzman & Korr, P.A., Fort Lauderdale, for appellants.
No brief filed for appellee.
PER CURIAM.
Appellants, Patricia and Joseph Johnson, appeal from the trial court's order dismissing their case for failure to prosecute. After reviewing the record on appeal, we reverse because there was record activity within the year prior to the notice of dismissal.
On September 8, 2003, plaintiffs/appellants Patricia and Joseph Johnson filed suit against defendant/appellee Maroone Ford LLC d/b/a Maroone Ford alleging violations of the Florida Deceptive and Unfair Trade Practices Act and Civil Remedies for Criminal Practices Act. On June 16, 2005, the trial court issued a "Motion, Notice and Judgment of Dismissal," which was filed on June 20, 2005, stating that it did not affirmatively appear from the filing of pleadings, order of court, or otherwise for a period of one year, that the action is being prosecuted. The court ordered that good cause be shown why the action should not be dismissed for lack of prosecution. The appellants thereafter filed a memorandum in opposition to dismissal for lack of prosecution and showing of good cause. After conducting a hearing on the matter, the trial court entered its order of dismissal for failure to prosecute on August 12, 2005, from which this appeal is taken.
On appeal, the appellants argue that the trial court erred in dismissing the case for lack of prosecution because there was evidence before the trial court of record activity within the year prior to the motion to dismiss. Specifically, the appellants point to the plaintiffs' second request for production to defendant filed on June 8, 2005.
The standard of review of a trial court's dismissal of a cause of action for failure to prosecute is abuse of discretion. Richards v. Sheriff of Palm Beach County, 925 So.2d 1166, 1167 (Fla. 4th DCA 2006).
Florida Rule of Civil Procedure 1.420(e) (2005) provides:
Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay *1061 order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The Florida Supreme Court established a two-pronged test for determining whether dismissal for lack of prosecution is appropriate under Florida Rule of Civil Procedure 1.420(e). First, the party moving for dismissal is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). Furthermore, in a recent opinion, Wilson v. Salamon, 923 So.2d 363 (Fla.2005), the Court established a bright-line rule for motions to dismiss for failure to prosecute:
. . . if a review of the face of the record reveals activity by `filings of pleadings, order of court, or otherwise,' an action should not be dismissed. This construction of the rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. As Justice Wells noted in [Metropolitan Dade County v.] Hall [784 So.2d 1087 (Fla.2001) ], there is either activity on the face of the record or there is not. We find this bright-line rule appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active.
Wilson, 923 So.2d at 368. The Court also announced that it receded from prior interpretations of rule 1.420(e) insofar as those interpretations require a trial court to look "behind the face of the record to subjectively determine whether the activity reflected of record is merely passive, and therefore insufficient to preclude dismissal under the rule, or active and therefore designed to hasten the suit to a conclusion on the merits and therefore sufficient to preclude dismissal." Id. at 369.
Applying this bright-line rule, plaintiffs' second request for production to defendant filed on June 8, 2005 is record activity in the year preceding the notice of dismissal for failure to prosecute filed on June 20, 2005. Consequently, we conclude the trial court erred in dismissing the case for failure to prosecute. While we note that the trial court did not have the benefit of Wilson at the time of rendering its decision, Wilson controls the outcome in this appeal. We therefore reverse the order dismissing the case for failure to prosecute and remand to the trial court for proceedings consistent with this opinion.
With respect to the appellants' motion for attorney's fees, we grant the motion contingent on the appellants prevailing on the merits of the case in the trial court, leaving the determination of the amount to the trial court. "When we are ruling on motions for prevailing party attorney's fees, we will normally grant the motion contingent on the party ultimately prevailing. At the conclusion of the litigation, the trial court can then, under Moritz [v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992) ], award attorney's fees to the party prevailing on the significant issues." Aksomitas v. Maharaj, 771 So.2d 541, 544 (Fla. 4th DCA 2000).
Reversed.
GUNTHER, HAZOURI and MAY, JJ., concur.