DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDY WOODS,**
Appellant,

v.

**LLOYDS ASSET MANAGEMENT, LLC,** f/k/a **LLOYDS HOLDINGS, LLC,
JAMES BURBAGE, FRANK GAUDINO** and **MARNI BURBAGE,**
Appellees.

No. 4D15-1947

[ May 4, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502013CA012521XXXXMB.

Russell L. Forkey of Russell L. Forkey, P.A., Boca Raton, for appellant.

No brief filed for appellees.

PER CURIAM.

Andy Woods appeals the final order dismissing her action for lack of prosecution. We reverse, because the trial court erred in dismissing appellant's case under Florida Rule of Civil Procedure 1.420(e), where appellant established record activity within the sixty-day grace period and showed good cause why the matter should not be dismissed.

In August 2013, appellant filed a lawsuit alleging fraud against James Burbage, Marni Burbage, Frank Gaudino and their companies, Lloyds Asset Lending, LLC, and Lloyds Asset Management, LLC. Appellant alleged, among other things, that the defendants solicited investors using deceptive and misleading practices. The Burbages and Gaudino filed an answer and affirmative defenses. In October 2013, the court issued an order denying the Burbages' declaration of income and assets exempt from garnishment.

On February 3, 2015, the trial court issued a Notice of Lack of Prosecution, Court's Motion to Dismiss, and Order Setting Hearing. The Notice stated that the action would be dismissed if there was no record

activity within sixty days of the Notice. The order also stated that, if there were a filing within sixty days immediately following service of the Notice, the parties would have to appear before the court on April 10, 2015. Additionally, the order cautioned that failure to appear at the hearing could result in the imposition of sanctions, including dismissal of the action.

On February 19, 2015, appellant filed a Notice of Good Cause, which advised that, on February 3, 2014, the Burbages filed a voluntary joint petition for bankruptcy that resulted in an automatic stay of any action against the Burbages. Appellant further explained that the automatic stay was in effect until December 11, 2014, when the bankruptcy court entered a final judgment declaring that appellant's claims were non-dischargeable. On February 23, 2015, appellant filed a Motion for a Clerk's Default against Lloyd's Asset Lending, LLC.

On April 13, 2015, the court issued an order dismissing the action for lack of prosecution. The order noted that neither party appeared at the hearing on the motion. The court found that there was (1) no record activity during the ten months immediately preceding the service of the Notice, (2) no record activity during the sixty days immediately following the service of the Notice, (3) no stay issued by the court, and (4) no showing of good cause why the action should remain pending.

Appellant filed a motion for reconsideration and rehearing, alleging that her attorney did not attend the hearing due to a clerical error. The court denied the motion, finding that there had been no notice of bankruptcy filed with the court and there was no exercise of due diligence in the prosecution of the action.

Appellant argues that the trial court erred in dismissing this matter, because she filed (1) a Notice of Good Cause informing the court of an automatic stay, and (2) a Motion for Clerk's Default establishing record activity within the sixty-day grace period.

The trial court's ruling on a motion to dismiss for lack of prosecution is reviewed for abuse of discretion. *Curtin v. Deluca*, 886 So. 2d 298, 300–01 (Fla. 4th DCA 2004). Florida Rule of Civil Procedure 1.420(e) provides for dismissal of an action for lack of prosecution:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved

by the court . . . the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person . . . unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.

Rule 1.420(e) creates a two-step process. Where the court on its own motion seeks dismissal, the court first serves a notice informing all parties that there has been no record activity for ten months preceding the notice, and the plaintiff must then establish record activity within the sixty days immediately following the service of such notice, or show good cause why the action should not be dismissed. *Johnson v. Maroone Ford LLC*, 944 So. 2d 1059, 1061 (Fla. 4th DCA 2006) (citing *Del Duca v. Anthony*, 587 So. 2d 1306, 1308–09 (Fla. 1991)). "The plaintiff has the burden of demonstrating that one of the bases that would preclude dismissal exists." *Curtin*, 886 So. 2d at 300.

The "[f]iling of a petition in bankruptcy effectuates an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay." *Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas Cty., Inc.*, 522 So. 2d 465, 466 (Fla. 4th DCA 1988) (citing *Kalb v. Feverstein*, 308 U.S. 433 (1940)) (citations omitted). In *Personalized Air Conditioning*, the last "record activity" was on April 22, 1986, and the defendants filed a motion to dismiss for failure to prosecute on December 3, 1986. *Id.* at 466. One of the defendants filed a petition for bankruptcy in April 25, 1986, but the plaintiff did not file a written notice thereof in the trial court until December 30, 1986. *Id.* On January 9, 1987, the trial court entered an order requiring the parties to show cause why the action should not be dismissed for lack of prosecution. The plaintiff filed a response and, after a hearing, the trial court entered an order dismissing the case for failure to prosecute. On appeal, we held that the trial court erred in dismissing the action when the court was advised prior to entry of the order that there was an automatic stay due to the defendant's petition for bankruptcy. *Id.*

Here, the trial court issued a Notice of Lack of Prosecution on February 3, 2015. Before the notice, the last record activity in the case was an order

3

issued in October 2013. On February 19, 2015, appellant filed a Notice of Good Cause stating that on February 3, 2014, the Burbages filed a voluntary joint petition for bankruptcy, which resulted in an automatic stay of any action against the Burbages. Appellant attached copies of the bankruptcy court documents to the notice. She explained that the automatic stay was in effect until December 11, 2014, when the bankruptcy court entered a final judgment stating that appellant's claims were non-dischargeable. On February 23, 2015, appellant filed a Motion for Clerk's Default against Lloyd's Asset Lending, LLC. Despite the Notice of Good Cause and the Motion for Clerk's Default, the trial court issued an order dismissing the action for lack of prosecution.

The orders dismissing this case initially and on rehearing stated that there was: (1) no record activity during the ten months immediately preceding the service of the notice; (2) no record activity during the sixty days immediately following the service of the notice; (3) no stay issued by the court, and (4) no showing of good cause why the action should remain pending. Although the trial court correctly found that there was no record activity for the ten months immediately preceding the filing of the court's Notice of Lack of Prosecution, the claims against the Burbages had been stayed as a result of their bankruptcy filing on November 13, 2013. The stay was in effect until December 11, 2014. These facts were brought forth in appellant's Notice of Good Cause filed on February 17, 2015, pursuant to Rule 1.420(e). Under *Personalized Air Conditioning*, the trial court erred in dismissing this action, because the court was advised prior to dismissal that there was an automatic stay in place for ten months due to the Burbages' petition for bankruptcy. Furthermore, the Motion for Clerk's Default established record activity within the sixty-day grace period. *See Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 792 (Fla. 2011) (applying a bright-line interpretation of rule 1.420(e), under which any filing of record is sufficient to preclude dismissal).

In sum, the trial court erred in dismissing the case for lack of prosecution where appellant established record activity within the sixty-day grace period and showed good cause why the matter should not be dismissed. Accordingly, we reverse and remand for further proceedings.

*Reversed and Remanded for further proceedings.*

CIKLIN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**