IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CITIBANK, N.A., NOT
INDIVIDUALLY BUT SOLELY
AS TRUSTEE FOR THE
HOLDERS OF BEAR STEARNS
ASSET BACKED SECURITIES
I TRUST 2006-HE3, ASSET-
BACKED CERTIFICATES
SERIES 2006-HE3,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2502

     Appellant,

v.

UNKNOWN HEIRS,
BENEFICIARIES, DEVISEES,
ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES AND
ALL OTHERS WHO MAY
CLAIM AN INTEREST IN THE
ESTATE OF JOSEPH E. JAMES;
UNKNOWN TENANT(S),

     Appellees.

_____/

Opinion filed July 25, 2016.

An appeal from the Circuit Court for Duval County.
Aaron Bowden, Senior Judge.

Wm. David Newman, Jr. of Choice Legal Group, P.A., Fort Lauderdale, for
Appellant.

No appearance, for Appellees.

BILBREY, J.

Appellant appeals from the trial court's order denying Appellant's motion to vacate the summary judgment of foreclosure, to dismiss the complaint, and to dissolve the lis pendens. Appellant's motion was filed in the trial court pursuant to section 702.07, Florida Statutes (2015), and rule 1.540(b), Florida Rules of Civil Procedure. The order denying the motion to vacate is an appealable final order under rule 9.130(5), Florida Rules of Appellate Procedure.

Because the record of the trial court proceedings demonstrates that the judgment at issue was entered the day after the defendant/debtor's petition for bankruptcy was filed in federal court, the judgment was entered during the pendency of the automatic stay imposed by 11 U.S.C. § 362. The judgment was therefore void. See McMahon v. Ryan, 964 So. 2d 198, 200 (Fla. 5th DCA 2007). This is so, even though Appellant and the trial court did not have notice of the automatic stay until after the judgment was entered. Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas Cty., Inc., 522 So. 2d 465, 466 (Fla. 4th DCA 1988); Woods v. Lloyds Asset Mgmt., LLC, --- So. 3d ---, 41 Fla. L. Weekly D1071, 2016 WL 2342898 (Fla. 4th DCA May 4, 2016). The trial court had no discretion to deny the motion to vacate a void judgment. Segalis v. Roof Depot USA, LLC, 178 So. 3d 83, 85 (Fla. 4th DCA 2015).

With the void judgment vacated, the trial court should also have allowed

2

dismissal of the action. Rule 1.420(a), Florida Rules of Civil Procedure, allows a plaintiff to dismiss an action without order of the trial court. "The trial court has no authority or discretion to deny the voluntary dismissal." Pino v. Bank of New York, 121 So. 3d 23, 31 (Fla. 2013).

Finally, with the action dismissed, the trial court should have dissolved the lis pendens. "[W]hen the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." § 48.23(3), Fla. Stat. (2015). The action in which the lis pendens was filed will no longer affect the subject property after the action is dismissed. Therefore the lis pendens should have been dissolved.

Accordingly, the order denying the motion to vacate the summary final judgment in foreclosure, dismiss the complaint, and dissolve the lis pendens is REVERSED and this cause REMANDED for entry of an order granting the motion.

LEWIS and WINOKUR, JJ., CONCUR.