DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARLINE AMIACHE**,
Appellant,

v.

**ISLAND TOWERS, INC.**, a condominium association,
and **CASEY JOHNSON,**
Appellees.

No. 4D22-1692

[August 2, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 50-2020-CA-003957-XXXX-MB.

E. Cole FitzGerald, III of E. Cole FitzGerald, III PLLC, Palm Beach, for appellant.

Michael A. Rosenberg of Cole, Scott & Kissane, P.A., Plantation, for appellees.

DAMOORGIAN, J.

Appellant, Marline Amiache, appeals the final order dismissing her action against Island Towers, Inc. ("the Association") and its president Casey Johnson ("the President") (collectively "Defendants"). Because the trial court dismissed the action under the mistaken belief that no further judicial action was required, we reverse the dismissal order and remand for further proceedings.

Appellant owns a condominium unit at Island Towers and is a member of the Association. In 2020, Appellant filed a five-count complaint against the Association, the President, and four association board directors. The five counts included: (1) negligent breach of fiduciary duty (against the President and directors); (2) intentional breach of fiduciary duty (against the President and directors); (3) intentional infliction of emotional distress (against the President); (4) failure to comply with Florida law (against the Association); and (5) declaratory and injunctive relief (against the Association).

The claims against the directors were ultimately dismissed with prejudice, and the claims against the Association and the President were dismissed without prejudice. The dismissal order included the following relevant language:

> As to Counts 1, 2, 4, and 5, Plaintiff is required to comply with mandatory Chapter 617 derivative pre-suit requirements. Plaintiff must provide a demand to the Association and allow the 90-days prescribed by Chapter 617 for the Association to conduct an investigation and provide its findings. Plaintiff has leave to amend Counts 1, 2, 4, and 5 *only* against the Association and [the President], once she has complied with all the pre-suit requirements of a derivative lawsuit under Chapter 617 of the Florida Statutes. The claims against [the President] on these counts must allege sufficient ultimate facts to create individual liability on his part.

> As to Count 3 [intentional infliction of emotional distress], Plaintiff has twenty (20) days from July 27, 2020, to file an Amended Complaint against [the President].

Appellant thereafter appealed the portion of the order dismissing her claims with prejudice against the directors only. This Court later affirmed the order via per curiam opinion. *Amiache v. Blick*, No. 4D20-1897, 2021 WL 6141059 (Fla. 4th DCA Dec. 30, 2021). The opinion's case caption lists only the four directors as the appellees. *See id.*

While the appeal was pending, Appellant filed an amended two-count complaint against the President only for breach of fiduciary duty and intentional infliction of emotional distress. The President moved to dismiss the amended complaint, which the trial court granted. Regarding the intentional infliction of emotional distress count, the court provided Appellant until January 29, 2021, to file a second amended complaint. The order did not contain a warning of the consequences for failing to timely file a second amended complaint regarding that count. Regarding the breach of fiduciary duty count, the court struck the count and gave Appellant "leave to amend Count I for Breach of Fiduciary Duty Against [the President], once she has complied with all the pre-suit requirements of a derivative lawsuit under Chapter 617 of the Florida Statutes." Aside from stating Appellant could amend the complaint after complying with the pre-suit requirements, the order did not set a deadline as to when the complaint had to be amended. It is undisputed that Appellant never filed a second amended complaint.

2

On November 22, 2021, after no record activity occurred in the case for a period of over ten months, the trial court issued a "Notice of Lack of Prosecution, Court's Motion to Dismiss, and Order Setting Hearing." The notice provided that if no record activity occurred within sixty days following service of the notice, the action would be dismissed. In the event there was a filing within the sixty days, the notice ordered all parties to attend a mandatory status conference on February 11, 2022. Within the sixty-day timeframe, Appellant filed a motion to depose.

The matter proceeded to a mandatory status conference as scheduled. Following the conference, the trial court entered an order titled "Order of Dismissal from Lack of Prosecution Hearing, Order Directing the Clerk to Close the File and Order Directing Clerk to Place in a Reopen Status." In relevant part, the order states: "the Court finds the Plaintiff's Complaint has been previously dismissed by separate order. The Court takes judicial notice the Fourth District Court of Appeal issued a mandate on January 21, 2022, affirming the Court's prior ruling. It appears no further judicial action is required." The order does not specifically reference rule 1.420(e), make any findings regarding whether the motion to depose constitutes record activity, or include any findings regarding Appellant's failure to file a second amended complaint.

We reverse the dismissal order as it appears the trial court dismissed the action solely based on the mistaken belief that this Court's mandate in case 4D20-1897 applied to Defendants and that therefore no further judicial action was required. This was error as our mandate only applied to the claims against the four directors. In light of this mistaken belief, and the fact that the trial court did not otherwise make any findings regarding whether the motion to depose constituted record activity under rule 1.420(e), we are compelled to reverse.

Defendants nonetheless argue this Court should affirm because Appellant failed to "file a second amended complaint in contravention of the Court's order dated November 23, 2020," and cite to cases discussing a court's discretion to dismiss complaints for non-compliance with court orders. To the extent Defendants seemingly suggest the trial court dismissed the action as a sanction for failing to file a second amended complaint, we reject this argument as the record does not indicate the court dismissed the action as a sanction. Moreover, the trial court could not dismiss the action as a sanction for failure to file a second amended complaint without first providing Appellant with notice of its intent to consider imposing sanctions for this reason, which the court in this case did not do. *See NYC Constr. Grp., Inc. v. Jerome*, 333 So. 3d 790, 793 (Fla.

4th DCA 2022); *List v. St. Petersburg Hotel Ass'n,* 466 So. 2d 1258, 1260 (Fla. 2d DCA 1985) ("[O]nce a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, the court may subsequently dismiss an unamended complaint with prejudice for its continuing failure to state a cause of action *upon proper notice to the plaintiff.*" (emphasis added)).

*Reversed and remanded.*

WARNER and KUNTZ, JJ., concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**