# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0762
Lower Tribunal No. 2023-CC-000570

_____

KELLON LEWIS,

Appellant,

v.

SFR JV-2 PROPERTY, LLC,

Appellee.

_____

Appeal from the County Court for Polk County.
Stacie L. Kaylor, Judge.

June 27, 2025

## ON CONFESSION OF ERROR

BROWNLEE, J.

Appellant Kellon Lewis appeals an order of eviction. His landlord, Appellee SFR JV-2 Property, LLC, confesses error, acknowledging that the order on appeal was issued in violation of an automatic stay that went into effect upon Appellant's filing of a bankruptcy petition.

Under federal law, a bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been

commenced before the commencement of the [bankruptcy] case . . . ."  11 U.S.C. § 362(a)(1). Thus, "[f]iling a bankruptcy petition triggers 'an automatic stay of all proceedings against a debtor effective the date the petition is filed and actions taken in violation of the stay are void even if there is no actual notice of the stay.'" *Echo River Sanctuary, LLC v. 21st Mortg. Corp.*, 348 So. 3d 1191, 1196 (Fla. 1st DCA 2022) (quoting *Personalized Air Conditioning, Inc. v. C.M. Sys. of Pinellas Cnty., Inc.*, 522 So. 2d 465, 466 (Fla. 4th DCA 1988)).

Because the automatic stay was in effect when the eviction order was issued, we accept Appellee's confession of error, reverse the order as void, and remand for further proceedings.[1] We express no opinion on the merits of the eviction action, and reject Appellant's other arguments without further comment.

REVERSED and REMANDED.

WHITE and SMITH, JJ., concur.


Kellon Lewis, Haines City, pro se.

Eric W. Bossardt and Brian C. Chase, of Atlas Law, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[1] As there is no longer a stay in effect, the prohibition on the "continuation" of proceedings does not preclude this court's disposition of the appeal. *See* 11 U.S.C. § 362(a)(1).